Norman J. Roger, Esq. SBN 62554
Patricia M. Fama, Esq. SBN 138362
Roger, Scott & Helmer LLP
1001 Marshall Street, Suite 400
Redwood City, Ca. 94063-2000
Telephone: 650-365-7700
Facsimile: 650-365-0677

#118013
Attorneys for Plaintiff
INSURANCE CORPORATON OF NEW YORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK,<br><br>Plaintiff,<br><br>vs.<br><br>H & H PLASTERING, INC., CONCRETE SHELL STRUCTURES, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR REFORMATION and FOR DECLARATORY RELIEF** |

    COMES NOW Plaintiff INSURANCE CORPORATION OF NEW YORK ("InsCorp") and complain against defendant as follows:

**PARTIES**

    1.    Plaintiff InsCorp is now, and at all relevant times was, a New York corporation with its principal place of business in New York and an insurance company authorized to transact business in the State of California.

    2.    Plaintiff is informed and believes, and thereon alleges, that defendant H & H

1
COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR REFORMATION AND DECLARATORY RELIEF
Action No.

Plastering, Inc. ("H&H") is, and at all relevant times was, a California corporation with its principal place of business in Fremont, California.

3. Plaintiff is informed and believes, and thereon alleges, that defendant Concrete Shell Structures, Inc. ("CSS") is, and at all relevant times was, a California corporation with its principal place of business in San Leandro, California.

## JURISDICTION

4. The controversy for which plaintiff requests a declaratory judgment involves parties who are subject to the diversity jurisdiction of this court and the amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. §1332.

## VENUE

5. Venue is proper in the Northern District of California in that the defendants are subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §91(a)), and the events giving rise to the need for this action occurred within this district.

## INSURANCE POLICIES

6. InsCorp provided four years of insurance coverage to H&H from October 1, 1998 through October 1, 2002. The coverage was provided under the following policies:

- Policy No. IC10019414 00 00 (effective October 1, 1998 - (Continuous))
- Policy No. IC10019414 01 00 (effective October 1, 1999 - (Continuous))
- Policy No. IC10019414 02 00 (effective October 1, 2000 - (Continuous))
- Policy No. IC10021378 00 00 (effective October 1, 2001 - (Continuous))

7. The effective dates for Policy No. IC10019414 00 00 when first issued was "October 1, 1998 to (Continuous)." As to the policy effective dates, Policy No. IC10019414 00 00 provided:

> "Unless stated elsewhere, this policy is effective at 12:01a.m. at the mailing address shown below. If the policy period is shown above as 'continuous', the policy continues until it is non-renewed at the annual anniversary of the effective date or cancelled."

8. Policy No. IC10019414 00 00 included, as required by the underwriting guidelines

2
COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR REFORMATION AND DECLARATORY RELIEF
Action No.

the Exclusion –Designated Work (CG 2134 01 87 (EIFS)) (the "EIFS exclusion") The EIFS exclusion is listed on the Common General Liability Declarations of Policy No. IC10019414 00 00 and a copy of the EIFS exclusion was included and a part of Policy No. IC10019414 00 00.

9. Each of the policies issued to H & H., consistent with InsCorp underwriting guidelines, were required to include the EIFS (Exterior Insulation Finish System) exclusion. The EIFS exclusion provides:

**This Endorsement Changes the Policy. PLEASE READ IT CAREFULLY.**

**EXCLUSION – DESIGNATED WORK**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**Description of your work:**

1. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement, of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system.

2. Any work or operations with respect to any exterior component, fixture or feature of any structure in an "exterior insulation and finish system" is used on any part of that structure. This exclusion applies to "your work" described in Paragraph 1. or Paragraph 2. above performed by you or on your behalf.

For the purposes of this endorsement, an "exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure, and consisting of:

a) a rigid or semi rigid insulation board made of expanded polystyrene or other materials and

b) the adhesive and/or mechanical fasteners used to attach the insulation board to the substrate, and

c) a reinforced base coat, and

d) a finish coat providing surface texture and color

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

10. When Policy No. No. IC10019414 00 00 was first renewed on or about October 1, 1999, the underwriting guidelines for the policy made the use of the EIFS exclusion mandatory for plastering subcontractors such as H&H Plastering, Inc. Policy No. IC10019414 00 00 was first renewed for the period October 1, 1999 to (Continuous) under Policy No. IC10019414 01 00.

11. When the first renewal was issued, the policy forms were computer generated. Certain forms, including the mandatory EIFS policy endorsement had to be user selected to be included on the policy declarations. Because the use of the EIFS endorsement was mandatory for class 98449 plasters like H&H Plastering, Inc., the first renewal would not have been issued without the EIFS endorsement. The renewal checklist confirmed the mandatory EIFS endorsement was to be included in the first renewal policy. Through error and oversight, it appears that the mandatory EIFS endorsement was not user selected and the policy forms, when generated, did not list the EIFS exclusion.

12. Policy No. IC10019414 00 00 was renewed a second time, on its anniversary, for the period October 1, 2000 to (Continuous) under policy number 1C10019414 02 00 (the "second renewal policy"). As with the first renewal, through error and oversight, it appears that the mandatory EIFS endorsement was not user selected and the policy forms, when generated, did not list the EIFS exclusion. The EIFS exclusion was to have been included and a part of the policy on second renewal in accordance with the underwriter guidelines. The EIFS exclusion could not have been deleted from the policy upon second renewal for a plasterer including H&H Plastering, Inc. If the EIFS exclusion was omitted, the risk would not have been acceptable and the second renewal policy would not have been issued.

13. The omission of the EIFS exclusion from the general liability declaration pages of the first renewal and the second renewal of Policy No. No. IC10019414 00 00 was in error and

contrary to the Underwriting Guidelines for the risk. The EIFS exclusion was not deleted from the policies upon either renewal.

14. The parties to the contract intended and expected to include the EIFS exclusion in each of the policies referenced in Paragraph 6 herein.

15. It was understood and required that the EIFS exclusion, which was a part of the coverage for H&H Plastering, Inc. was to remain a part of and be included in the new policy.

16. InsCorp alleges that the policies which are herein issue are subject to reformation in accordance with California Civil Code Seciton 3399

17. The EIFS exclusion negates any obligations that Inscorp would owe to H&H Plastering, Inc. in connection with the Brittania claims.

## UNDERLYING MATTER AND TENDERS

18. Plaintiff is informed and believes Britannia Pointe Grand Limited Partnership ("Britannia") is the owner and developer of a commercial building (the "project") located in South San Francisco, CA. In March of 1998 Britannia entered into a contract with CSS to construct all of the exterior framing and EIFS (Exterior Insulation and Finish System) for the project. CCS subcontracted with H&H for the actual installation of the exterior EIFS skin. Insofar as H&H is concerned, the building involving its work was substantially completed on October 1, 1998.

19. Plaintiff is informed and believes and thereby alleges that on or about June 16, 2004 Britannia filed and served a demand for mediation and arbitration against CSS alleging construction defects at the project. (the "Brittania Claims") CSS, in turn, filed a cross-claim and demand for arbitration against subcontractors that performed work at the property, including H&H. (the "CSS claims") While Britannia's claims encompassed damages falling outside the scope of H&H's work, insofar as H&H is concerned Britannia alleged that improper installation of caulk joints and the EIFS system itself was contributing to water intrusion, and resultant damage, to the project.

20. The defense of CSS claims against H&H was tendered to InsCorp on or about

January 31, 2005 under each of its policies. Inscorp did not initially accept a defense obligation. More recently, on or about June 1, 2007, InsCorp agreed to participate in the defense of H&H pursuant to a reservation of rights.

21. On or after January 31, 2005 InsCorp realized that Policy No. IC10019414 01 00 (effective October 1, 1999 – (Continuous)) and Policy No. IC10019414 02 00 (effective October 1, 2000 – (Continuous)) mistakenly omitted the EIFS exclusion as intended by the parties. The mistaken omission of the EIFS exclusion from the policies was first discovered after January 31, 2005, the date upon which H & H Plastering, Inc. tendered the Britannia action to InsCorp.

22. InsCorp is informed and believes and thereby alleges that H & H did not realize or discover that the agreed to and required EIFS exclusion was mistakenly not included in each of the policies InsCorp issued to it.

## FIRST CLAIM FOR RELIEF

(Reformation of Insurance Policies)

23. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 22 as fully set forth herein.

24. On or about October 1, 2998 InsCorp issued a commercial general liability insurance policy to H & H bearing Policy No. IC10019414 00 00 (effective October 1, 1998 – (Continuous)). H & H accepted the policy per its stated terms.

25. H & H and InsCorp agreed to the terms of the insurance policy as issued including the agreement and requirement that the policy issued to H & H was issued for a continuous term unless non-renewed.

26. H & H and InsCorp agreed that the policy would and did include and EIFS endorsement as set forth herein and that the EIFS exclusion was intended to be included in the first and second renewals of the policy. InsCorp is informed and believes and thereon alleges that neither H & H nor InsCorp were aware that the first renewal or the second renewal of the policy did not list the EIFS exclusion in the policy declaration sheet nor include the EIFS endorsement in the policy forms issued.

27.  This mutual mistake was not discovered until after January 31, 2005, the date on which H & H tendered the Britannia claims to InsCorp.

28.  A true and correct copy of the insurance policies herein listed are attached as Exhibits A thru D to this complaint and are incorporated by reference herein.

- **Exhibit A**: Policy No. IC10019414 00 00 (effective October 1, 1998 - (Continuous))
- **Exhibit B**: Policy No. IC10019414 01 00 (effective October 1, 1999 - (Continuous))
- **Exhibit C**: Policy No. IC10019414 02 00 (effective October 1, 2000 - (Continuous))
- **Exhibit D**: Policy No. IC10021378 00 00 (effective October 1, 2001 - (Continuous))

29.  The above described insurance policies, Exhibits B and C, mistakenly failed to reflect the true intent of the parties to these agreements in that they did not include the EIFS exclusion as required, expected and agreed to by the parties. To reflect the true intent of the parties, the policies should instead specifically include the EIFS exclusion.

30.  The above described failure of Policy No. IC10019414 01 00 (effective October 1, 1999 - (Continuous)) (Exhibit B) and Policy No. IC10019414 02 00 (effective October 1, 2000 - (Continuous)) (Exhibit C) to reflect the true intent of the parties resulted from the mistaken issuance of the policies to H & H, without the agreed to and expected EIFS endorsement despite the belief and expectation of the parties that the policies correctly expressed the agreed and required terms of the policies.

31.  InsCorp is informed and believes and thereon alleges that H & H knew of the above described mistake at the time the policies were issued in that it knew that InsCorp would not issue a policy to H & H, a plasterer, without the EIFS endorsement.

31.  InsCorp is informed and believes and thereon alleges that on or after January 31, 2005 InsCorp and H & H discovered the error in the policies when H & H tendered the Britannia claims and CSS claims to InsCorp.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief – Duty to Defend)

32. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 31, inclusive, as fully set forth herein.

33. An actual and justiciable controversy has arisen and now exists between plaintiff and defendants concerning the rights, duties and obligations of the parties under the insurance policies InsCorp issued to H & H. Plaintiff contends that the policies do not afford coverage to H & H in relation to the Britannia claims and/or CSS claims. Plaintiff is informed and believes and on that basis alleges that defendants dispute this contention. The controversy involves the construction and interpretation of the policies with respect to the obligation of plaintiff to participate in the defense of H & H in relation to the Britannia claims and/or CSS claims.

34. Plaintiff is informed and believes and thereon alleges that it has no duty to defend H & H in relation to the Britannia claims and/or CSS claims.

35. Plaintiff is informed and believes and thereon alleges that defendants denies this contention.

36. Plaintiff therefore requests a judicial declaration regarding the parties' rights, obligations and liabilities regarding its duty to defend H & H in relation to the Britannia claims and/or CSS claims.

37. A judicial determination of these issues is necessary and proper at this time in order that plaintiff and defendants may ascertain their respective rights and duties as to one another and may conduct themselves accordingly in the future.

## Third Cause of Action

(Declaratory Relief – Duty to Indemnify)

38. Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. An actual controversy exists between plaintiff and defendants with respect to the

rights, duties and obligations of the parties under the InsCorp policies. Plaintiff contends that its policies do not afford coverage to H & H in relation to the Britannia claims and/or CSS claims. Plaintiff is informed and believes and on that basis alleges that defendants dispute this contention. The controversy involves the construction and interpretation of the policies with respect to the obligation of plaintiff to indemnify H & H in relation to the Britannia claims and/or CSS claims.

40. Plaintiff is informed and believes and thereon alleges that it does not have an obligation to indemnify H & H in relation to the Britannia claims and/or CSS claims.

41. Plaintiff is informed and believes and thereon alleges that defendants deny this contention.

42. Plaintiff therefore requests a judicial declaration regarding its rights, obligations and liabilities regarding its duty to indemnify H & H in relation to the Britannia claims and/or CSS claims as herein alleged.

43. A judicial determination of these issues is necessary and proper at this time in order that plaintiff and defendants may ascertain their respective rights and duties as to one another and may conduct themselves accordingly in the future.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

On the First Cause of Action

1. For reformation of Policy No. IC10019414 01 00 (effective October 1, 1999 - (Continuous)) to reflect the true intent of the parties, as follows: To include the EIFS endorsement as required, agreed and expected by the parties.

2. For reformation of Policy No. IC10019414 02 00 (effective October 1, 2000 - (Continuous)) to reflect the true intent of the parties, as follows: To include the EIFS endorsement as required, agreed and expected by the parties.

<u>On the Second Cause of Action</u>

1. For a declaration of plaintiff and defendants' respective rights and duties under the insurance policies herein as follows:

    A. That Plaintiffs has no obligation to defend H & H under the policies in relation to Britannia claims and/or CSS claims.

<u>On the Third Cause of Action</u>

1. For a declaration of plaintiff and defendants' respective rights and duties under the insurance policies herein as follows:

    A. That Plaintiffs has no obligation to indemnify H & H under the policies for the Britannia claims and/or CSS claims.

<u>On All Causes of Action:</u>

For costs of suit incurred herein;

For such other and further relief as the Court may deem proper.

Dated: October 9, 2007        ROGER, SCOTT & HELMER, LLP

By *Patricia M Fama*
Norman J. Roger, Esq.
Patricia M. Fama, Esq.
Attorneys for Plaintiff
INSURANCE CORPORATION OF NEW YORK

**Patricia M. Fama**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Friday, October 12, 2007 3:01 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-05214-JL Insurance Corporation of New York v. H&H Plastering Inc. et al Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 10/12/2007 3:00 PM and filed on 10/11/2007
**Case Name:**       Insurance Corporation of New York v. H&H Plastering Inc. et al
**Case Number:**   3:07-cv-5214
**Filer:**               Insurance Corporation of New York
**Document Number:** 1(No document attached)

**Docket Text:**
COMPLAINT /issued summons against H&H Plastering Inc., Concrete Shell Structures Inc. ( Filing fee $ 350, receipt number 34611011484.). Filed byInsurance Corporation of New York. (ga, COURT STAFF) (Filed on 10/11/2007)


**3:07-cv-5214 Notice has been electronically mailed to:**

Patricia M. Fama    pfama@rshllp.com, lmramirez@rshllp.com

10/12/2007

Norman J. Roger    nroger@rshllp.com, lmramirez@rshllp.com, tcaunday@rshllp.com

**3:07-cv-5214 Notice has been delivered by other means to:**

10/12/2007