FOLGER LEVIN & KAHN LLP
Wesley D. Hurst (CSB No. 127564, whurst@flk.com)
Eric M. Lode (CSB No. 209129, elode@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Third-Party Assignee
Britannia Pointe Grand Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>H&H PLASTERING, INC.; CONCRETE SHELL STRUCTURES, INC. and DOES 1 though 10, inclusive,<br><br>Defendants. | Case No. CV 07-05214 WHA<br><br>**DECLARATION OF ERIC M. LODE** |

I, Eric M. Lode, declare as follows:

1. I am an associate at Folger Levin & Kahn LLP, counsel for Third-Party Assignee Britannia Pointe Grand Limited Partnership. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. In the American Arbitration Association proceeding entitled *Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.* (AAA Case No. 74 110 M 00660 04 BRSH) (the "Britannia Arbitration"), Britannia asserted claims of defective construction against a general contractor, Concrete Shell Structures, Inc. ("Concrete Shell"). Concrete Shell in turn asserted cross-claims for indemnity against various subcontractors, including H & H Plastering,

Inc. (H&H"). In the October 2007, H&H was represented in the Britannia Arbitration by the law firm of McCarthy & McCarthy.

3. Counsel for H&H in the Britannia Arbitration knew that I represented Britannia in the Britannia Arbitration. InsCorp did not serve me with a copy of the Complaint that it filed in this action. InsCorp has not served me with a copy of any pleading that it filed in this action.

4. On or around January 17, 2008, every party to the Britannia Arbitration – with the exception of H&H – agreed to settle their respective claims against each other related to that proceeding. All potential claims against H&H and H&H's insurers are carved out of the settlement. As part of the settlement, Concrete Shell agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers that are related to the Britannia Arbitration, including H&H's additional insured rights.

5. I did not become aware that this Court entered defaults against Concrete Shell and H&H until on or about January 29, 2008. After discovering that defaults had been entered, I promptly notified counsel for Concrete Shell.

6. After becoming aware of the defaults, and as part of the ongoing settlement negotiations, I discussed with Concrete Shell's attorneys how to address the default entered against Concrete Shell. Britannia ultimately agreed to seek relief from this Court pursuant to an assignment from Concrete Shell.

7. The settlement agreement between the settling parties to the Britannia Arbitration requires the negotiation of, and approval by, numerous parties, insurance companies, and law firms. The settlement agreement between the settling parties to the Britannia Arbitration still is not finalized. The assignment agreement (the "Assignment Agreement") pursuant to which Concrete Shell agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers that are related to the Britannia Arbitration, including Concrete Shell's additional insured rights, was not finalized until April 30, 2008. A true and correct copy of the Assignment Agreement is attached hereto as Exhibit A.

1   8.   A [Proposed] Answer to InsCorp's Complaint is attached hereto as Exhibit B.

2   I, Eric M. Lode, declare under the penalty of perjury of the laws of the United States and
3   the State of California that the foregoing is true and correct.

4   Executed this 1st day of May, 2008 at San Francisco, California.

        /s/ Eric M. Lode
        Eric M. Lode

17035\3008\598468.3