**EXHIBIT A**

Case 3:07-cv-05214-WHA    Document 29-2    Filed 05/01/2008    Page 1 of 8

## ASSIGNMENT AGREEMENT

This Assignment Agreement (this "Agreement") is made and entered into as of April 30, 2008 by and between Britannia Pointe Grand Limited Partnership ("Britannia"), Concrete Shell Structures, Inc. ("Concrete Shell"), and Brian Cameron (collectively, the "Parties").

## RECITALS

A. Britannia is the owner of the following properties located in South San Francisco, California: 230 East Grand Avenue, 220 East Grand Avenue, 170 Harbor Way and 169 Harbor Way (collectively, the "Properties").

B. Concrete Shell was the general contractor responsible for the construction of buildings and structures located on the Properties.

C. Brian Cameron is the former principal of Concrete Shell.

D. Britannia initiated an arbitration proceeding against Concrete Shell (AAA Case No. Case No. 74 110 M 00660 04 BRSH), in which Britannia alleged that the construction at the Properties was defective (the "Arbitration Proceeding").

E. Concrete Shell cross-claimed in the Arbitration Proceeding against various subcontractors that Concrete Shell alleged were responsible for the construction at the Properties, including the subcontractor H&H Plastering, Inc. ("H&H").

F. Following mediation before Yaroslav Sochynsky, Britannia, Concrete Shell, and certain subcontractors named in the Arbitration Proceeding reached a settlement (the "Settlement").

G. H&H is not a party to the Settlement.

H. Britannia and Concrete Shell intend to sign a Settlement Agreement (the "Settlement Agreement") to formalize the Settlement, and Concrete Shell has agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers that were implicated in the Arbitration Proceeding (H&H and H&H's insurers shall be collectively referred to as the "H&H Parties"), including Concrete Shell's additional insured rights against H&H's insurers.

I. In accordance with Concrete Shell's obligations pursuant to the Settlement, Concrete Shell and Brian Cameron have agreed to enter into this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Britannia, Concrete Shell, and Brian Cameron agree as follows:

- 1 -

## TERMS OF ASSIGNMENT AGREEMENT

1.    **Assignment.** Concrete Shell hereby transfers, assigns and conveys to Britannia, to the maximum extent permitted by law of the State of California, all claims, causes of action and rights that Concrete Shell has against the H&H Parties relating to the Properties, including additional insured rights and any and all claims arising out of the planning, designing, engineering, construction, scheduling, coordination of trades, inspection, testing, supervision, consultation, approval, performance of services, repairs or maintenance performed or not performed or improperly performed, the design, specification, manufacture, distribution, sale or provision of any material component or system, alteration, modification, rehabilitation, or renovation of the Properties. Britannia shall be entitled to prosecute such claims, causes of action and rights of action in Concrete Shell's place and stead. Such claims will belong exclusively to and be under the sole control of Britannia, which may litigate, arbitrate, settle or otherwise handle the matter(s) in Britannia's sole discretion.

2.    **Further Assurances.** Concrete Shell and Brian Cameron further agree to cooperate with Britannia in Britannia's prosecution of claims against H&H and/or the H&H Parties, to execute any declarations reasonably necessary to assist Britannia in the prosecution of such claims, to execute such additional documents as may be necessary to effectuate the assignment referenced in Paragraph 1 above, and to provide Britannia with any documents that Britannia reasonably requests to assist Britannia in its prosecution of claims against H&H and/or the H&H Parties. Concrete Shell and Brian Cameron also agree to cooperate with Britannia, and to provide any documents and execute any documents or declarations reasonably necessary to assist Britannia, in the action entitled *Insurance Corporation of New York v. H&H Plastering, Inc.; Concrete Shell Structures, Inc. and Does 1-10, inclusive*, Northern District of California, Case No. 3:07-cv-05214-JL (the "InsCorp Action"). Documents that Concrete Shell and Brian Cameron shall provide to Britannia include, but are not limited to, any and all of the following documents that are in Concrete Shell's and/or Brian Cameron's custody, possession, or control: all documents received in the InsCorp Action, H&H's insurance policies, H&H additional insured endorsements, contracts with H&H, all documents regarding the Properties or the construction thereon, change orders for the properties, project details for the Properties job logs for the Properties, inspection reports for the Properties, and photographs of the Properties. Concrete Shell and Brian Cameron shall further provide Britannia with the name(s) and address(es) of the superintendent(s) or foremen who oversaw the construction at the Properties.

3.    **No Assumption.** Britannia does not assume any obligations that Concrete Shell or Brian Cameron may have as to H&H and/or the H&H Parties, and/or any liability that Concrete Shell or Brian Cameron may have to H&H and/or the H&H Parties. Nothing in this Agreement shall be deemed an assumption of the obligations and/or liabilities of Concrete Shell or Brian Cameron with respect to the Properties.

4.    **Payments to Britannia.** In anticipation of the InsCorp Action, and in addition to the payments required to be made under the Settlement Agreement, Concrete Shell agrees to pay the following amounts to Britannia. First, Concrete Shell agrees to pay Britannia seven thousand five hundred dollars ($7,500.00) (the "Fixed Payment") by April 30, 2007. Second, Concrete Shell agrees to pay Britannia up to an additional seven thousand five hundred dollars ($7,500.00) for attorneys' fees and costs that may be incurred in connection with the InsCorp Action (the

"Additional Payment") within 30 days of Britannia requesting reimbursement of such fees and costs. If Concrete Shell requests invoices from Britannia or Britannia's counsel to support the amount of the Additional Payment, Britannia or Britannia's counsel may produce such invoice(s) in redacted form. Any production by Britannia or Britannia's counsel of such invoice(s) shall be not be deemed to constitute a waiver of the attorney-client privilege or any other privilege.

    5.    **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

    6.    **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

    7.    **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California.

    8.    **Attorneys' Fees.** The Parties agree that if any action is brought to enforce the terms, conditions and provisions of this Agreement, the prevailing party will be entitled to all reasonable costs and attorneys' fees incurred in enforcing any of the terms, conditions and provisions hereof.

    9.    **Interpretation.** This Agreement was negotiated between the Parties through their respective legal counsel. It is the Parties' intent that this Agreement be interpreted as though prepared by all of the undersigned. Any rules of construction applicable to contracts of adhesion or contracts drafted by one party are not intended to, and shall not, apply to this Agreement.

    10.    **Divisibility.** If any provision or any part of any provision of this Agreement is held to be invalid, unenforceable, or contrary to any public policy, law, statute, and/or ordinance, the remainder of this Agreement or that provision shall not be affected and shall remain valid and enforceable.

    11.    **Entire Agreement.** This Agreement and the Settlement Agreement contain the entire agreement of the Parties with respect to their subject matters. This Agreement and the Settlement Agreement supersede any and all prior oral and written representations. No representations of any kind have been relied upon by the Parties unless incorporated herein or in the Settlement Agreement. This Agreement may not be amended or modified except by an agreement in writing and signed by all Parties hereto.

12. **Representations and Warranties.** Each signatory hereto represents and warrants by their signature below that they are authorized to enter into this Agreement on behalf of the party indicated. This representation and warranty shall survive the execution of this Agreement and shall be fully actionable and enforceable thereafter.

DATED: _____, 2008      **BRITANNIA POINTE GRAND LIMITED PARTNERS**

By: HCP-Pointe Grand, Incorporated, its general partner

By: _____

Its: _____

APPROVED AS TO FORM:

DATED: _____, 2008      FOLGER LEVIN & KAHN LLP

By: _____
      ERIC M. LODE

DATED: _____, 2008      **CONCRETE SHELL STRUCTURES, INC.**

By: _____

Its: _____

DATED: _____, 2008      _____
      BRIAN CAMERON

APPROVED AS TO FORM:

DATED: _____, 2008      ROBINSON & WOOD, INC.

By: _____
      DAVID S. HENNINGSEN

- 4 -

12.  **Representations and Warranties.** Each signatory hereto represents and warrants by their signature below that they are authorized to enter into this Agreement on behalf of the party indicated. This representation and warranty shall survive the execution of this Agreement and shall be fully actionable and enforceable thereafter.

DATED: _____, 2008        BRITANNIA POINTE GRAND LIMITED PARTNERS

By: HCP-Pointe Grand, Incorporated, its general partner

By: _____

Its: _____

APPROVED AS TO FORM:

DATED: April 30, 2008             FOLGER LEVIN & KAHN LLP

By: _____
ERIC M. LODE

DATED: _____, 2008        CONCRETE SHELL STRUCTURES, INC.

By: _____

Its: _____

DATED: _____, 2008        _____
BRIAN CAMERON

APPROVED AS TO FORM:

DATED: _____, 2008        ROBINSON & WOOD, INC.

By: _____
DAVID S. HENNINGSEN



12. **Representations and Warranties.** Each signatory hereto represents and warrants by their signature below that they are authorized to enter into this Agreement on behalf of the party indicated. This representation and warranty shall survive the execution of this Agreement and shall be fully actionable and enforceable thereafter.

DATED: _____, 2008        **BRITANNIA POINTE GRAND LIMITED PARTNERS**

By:_____

Its:_____

APPROVED AS TO FORM:

DATED: _____, 2008        FOLGER LEVIN & KAHN LLP

By:_____
     ERIC M. LODE

DATED: 30 April, 2008        **CONCRETE SHELL STRUCTURES, INC.**

By: /s/ Brian Cameron

Its: for President

DATED: 4-30-, 2008        /s/ Brian Cameron
                         BRIAN CAMERON

APPROVED AS TO FORM:

DATED: 4/28, 2008        ROBINSON & WOOD, INC.

By:_____
     DAVID S. HENNINGSEN

- 4 -

DATED: __April 30__, 2008    ARCHER NORRIS

By: _____
CRAIG S. JONES

17035\3008\589427.4