**EXHIBIT B**

FOLGER LEVIN & KAHN LLP
Wesley D. Hurst (CSB No. 127564, whurst@flk.com)
Eric M. Lode (CSB No. 209129, elode@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Third-Party Assignee
Britannia Pointe Grand Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>H&H PLASTERING, INC.; CONCRETE SHELL STRUCTURES, INC.; and DOES 1 though 10, inclusive,<br><br>Defendants. | Case No. CV 07-05214 WHA<br><br>**[PROPOSED] THIRD-PARTY ASSIGNEE BRITANNIA POINTE GRAND LIMITED PARTNERSHIP'S ANSWER TO COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendant Concrete Shell Structures, Inc. ("Concrete Shell") has agreed to assign to Britannia Pointe Grand Limited Partnership ("Britannia") all of Concrete Shell's rights and claims against Defendant H&H Plastering, Inc. ("H&H") and H&H's insurers, including Concrete Shell's additional insured rights against Plaintiff Insurance Corporation of New York ("InsCorp"), that were implicated in the arbitration proceeding *Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.* (AAA Case No. 74 110 M 00660 04 BRSH). Third-Party Assignee Britannia Pointe Grand Limited Partnership ("Britannia") hereby answers the InsCorp's Complaint for Reformation and for Declaratory Relief (the "Complaint") as follows:

## PARTIES

1. Britannia is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 and therefore denies the same.

2. Britannia is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 and therefore denies the same.

3. Britannia is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 and therefore denies the same.

## JURISDICTION

4. Britannia does not challenge jurisdiction. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the same.

## VENUE

5. Britannia does not challenge venue. Britannia admits that the events giving rise to this action occurred within this district. Except as so admitted, Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

## INSURANCE POLICIES

6. Britannia admits that InsCorp provided insurance coverage to H&H. Except as so admitted, Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies the same.

7. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies the same.

8. Britannia denies each and every allegation in paragraph 8.

9. Britannia denies each and every allegation in paragraph 9.

10. Britannia denies each and every allegation in paragraph 10.

11. Britannia admits that the renewal policy for H&H did not list an EIFS exclusion. Britannia denies each and every other allegation in paragraph 11.

12. Britannia admits that the policy forms did not list an EIFS exclusion. Britannia denies each and every other allegation in paragraph 12.

13. Britannia admits that an EIFS exclusion was not included in the general liability declaration pages. Britannia denies each and every other allegation in paragraph 13.

14. Britannia denies each and every allegation in paragraph 14.

15. Britannia denies each and every allegation in paragraph 15.

16. Paragraph 16 states a legal conclusion to which no answer is required.

17. Britannia denies each and every allegation in paragraph 17.

## UNDERLYING MATTERS AND TENDERS

18. Britannia admits that it is the owner and developer of a commercial building in South San Francisco, and that Britannia entered into a contract with Concrete Shell to construct the building's site and shell. Britannia denies that it entered into the contract with Concrete Shell to construct a site and shell at 230 East Grand Avenue, South San Francisco, California in March 1998. Britannia admits that Concrete Shell in turn subcontracted with H&H. Except as so admitted and as so specifically denied, Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies the same.

19. Britannia admits that it served a demand for arbitration and request for mediation alleging construction defects against Concrete Shell on or about June 16, 2004. Britannia admits that Concrete Shell, in turn, filed a cross-claim and demand for arbitration against sub-contractors, including H&H. Except as so admitted, Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the same.

20. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies the same.

21. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies the same.

22. Britannia denies each and every allegation in paragraph 22.

## FIRST CLAIM FOR RELIEF

(Reformation of Insurance Policies)

23. Britannia incorporates by reference the admissions and denials contained in paragraphs 1 through 22 herein.

24. Britannia admits that H&H was insured by InsCorp. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies the same.

25. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies the same.

26. Britannia denies each and every allegation in paragraph 26.

27. Britannia denies each and every allegation in paragraph 27.

28. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

29. Britannia denies each and every allegation in paragraph 29.

30. Britannia denies each and every allegation in paragraph 30.

31. Britannia denies each and every allegation in paragraph 31.

## SECOND CLAIM FOR RELIEF

(Duty to Defend)

32. Britannia incorporates by reference the admissions and denials contained in paragraphs 1 through 31 herein.

33. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the same.

34. Britannia is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

35. Britannia admits that InsCorp seeks a judicial declaration regarding the parties' rights, obligations, and liabilities regarding InsCorp's duty to defend H&H in relation to the Britannia claims and/or Concrete Shell claims.

1    36.    Britannia is without knowledge or information sufficient to form a belief as to the
2 truth of the allegations of paragraph 36 and therefore denies the same.
3    37.    Britannia is without knowledge or information sufficient to form a belief as to the
4 truth of the allegations of paragraph 37and therefore denies the same.

## THIRD CAUSE OF ACTION

(Declaratory Relief – Duty to Indemnify)

7    38.    Britannia incorporates by reference the admissions and denials contained in
8 paragraphs 1 through 37 herein.
9    39.    Britannia admits the allegations of paragraph 39
10   40.    Britannia denies each and every allegation of paragraph 40.
11   41.    Britannia admits the allegations of paragraph 41.
12   42.    Britannia admits that InsCorp requests a judicial declaration regarding its rights,
13 obligations, and liabilities regarding its duty to indemnify H&H in relation to the Britannia claims
14 and/or Concrete Shell claims.
15   43.    Britannia admits the allegations of paragraph 43.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMTIVE DEFENSE

As its first, separate, and affirmative defense, the Complaint and each purported claim for relief therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As its second, separate, and affirmative defense, the "mistake" alleged in the Complaint, if any, was the result of InsCorp's negligence.

## THIRD AFFIRMATIVE DEFENSE

As its third, separate, and affirmative defense, InsCorp cannot provide a satisfactory explanation for the "mistake" alleged in the Complaint, if any.

## FOURTH AFFIRMATIVE DEFENSE

As its fourth, separate, and affirmative defense, reformation would prejudice the rights of third parties, including Britannia.

**FIFTH AFFIRMATIVE DEFENSE**

As its fifth, separate, and affirmative defense, the Complaint and each purported claim for relief therein is barred under the doctrine of estoppel and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**

As its sixth, separate, and affirmative defense, the Complaint and each purported claim for relief therein is barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

As its seventh, separate, and affirmative defense, the Complaint and each purported claim for relief therein is barred under the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

As its eighth, separate, and affirmative defense, the Complaint and each purported claim for relief therein is barred under the doctrine of unclean hands.

Dated: May ___, 2008                              FOLGER LEVIN & KAHN LLP


                                                                Eric M. Lode
                                                       Attorneys for Third-Party Assignee
                                                     Britannia Pointe Grand Limited Partnership

17035\3008\599549.2