## DECLARATION OF CRAIG S. JONES

I, Craig S. Jones, declare as follows:

1. I am an associate at Archer Norris, counsel for Concrete Shell Structures, Inc. ("Concrete Shell") in the American Arbitration Association proceeding *Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.* (AAA Case No. 74 110 M 00660 04 BRSH) (the "Britannia Arbitration"). I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. I first became aware of the instant action filed by Insurance Corporation of New York ("InsCorp") on or about October 15, 2007 when I received a copy of the complaint in intervention from my client Brian Cameron president of Concrete Shell Structures.

3. Although InsCorp knew, or should have known, that I represented Concrete Shell in the Britannia Arbitration, InsCorp did not serve me with a copy of the Complaint it filed in this action. InsCorp has not served me with copies of any pleadings that it has filed in this action.

4. Concrete Shell's defense in the Britannia Arbitration was handled by two different law firms, each of which were appointed by two different insurers of Concrete Shell's: (1) my law firm, Archer Norris; and (2) David S. Henningsen's law firm, Robinson & Wood. My firm, Archer Norris, was appointed by StarNet Insurance Company ("StarNet"); Robinson & Wood was appointed by Travelers.

5. StarNet retained coverage counsel for Concrete Shell regarding the claims raised by Britannia Pointe Grand Limited Partnership ("Britannia") in the Britannia Arbitration. Upon learning of InsCorp's Complaint in the instant action, I referred InsCorp's Complaint both to Berkely Risk Management a thrid party claims adjuster for StarNet and to Berkely Risk/StarNet's coverage counsel on or about October 31, 2007, with the understanding that coverage counsel would respond to InsCorp's Complaint. On or about November 26, 2007, I sent a follow up email to Berkeley Risk.

6. On or around January 17, 2008, every party to the Britannia Arbitration – with the exception of H&H Plastering, Inc. ("H&H") – agreed to settle their respective claims against each other related to that proceeding. As part of that settlement, Concrete Shell agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers that are related to the Britannia Arbitration, including Concrete Shell's additional insured rights.

7. I did not become aware that this Court entered defaults against Concrete Shell and H&H until on or about January 29, 2008, when counsel for Britannia notified me that such defaults had been entered.

8. Upon becoming aware of these defaults, Concrete Shell's attorneys and Britannia's attorney discussed which entity should assume responsibility for seeking to remove the default entered against Concrete Shell. Britannia ultimately agreed to assume this responsibility.

9. The settlement agreement between the settling parties to the Britannia Arbitration required the negotiation of, and approval by, numerous parties, insurance companies, and law firms. The settlement agreement between the settling parties to the Britannia Arbitration is still not finalized. Similarly, the assignment agreement pursuant to which Concrete Shell agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers that are related to the Britannia Arbitration, including Concrete Shell's additional insured rights, was not finalized until April 30, 2008.

I, Craig S. Jones, declare under penalty of law that the foregoing is true and correct.

Executed this 30 day of April, 2008 at Walnut Creek, California.

_____
Craig S. Jones

BR081/652978-1