FOLGER LEVIN & KAHN LLP
Wesley D. Hurst (CSB No. 127564, whurst@flk.com)
Eric M. Lode (CSB No. 209129, elode@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Third-Party Assignee
Britannia Pointe Grand Limited Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK,<br><br>          Plaintiff,<br><br>     v.<br><br>H&H PLASTERING, INC.; CONCRETE SHELL STRUCTURES, INC.; and DOES 1 though 10, inclusive,<br><br>          Defendants. | Case No. CV 07-05214 JL<br><br>**THIRD-PARTY ASSIGNEE BRITANNIA POINTE GRAND LIMITED PARTNERSHIP'S NOTICE OF MOTION AND MOTION TO SET ASIDE THE DEFAULT ENTERED AGAINST CONCRETE SHELL STRUCTURES, INC.**<br><br>Date:          June 5, 2008<br>Time:         8:00 a.m.<br>Courtroom:  9<br>Judge:         Hon. William Alsup |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that at 8:00 a.m. on June 5, 2008, or as soon thereafter as the matter may be heard, in Courtroom 9 on the 19th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Third-Party Assignee Britannia Pointe Grand Limited Partnership ("Britannia") will move for an order to set aside the default entered against Defendant Concrete Shell Structures, Inc. ("Concrete Shell") in the above-captioned action.

Third-Party Assignee Britannia respectfully moves this Court, pursuant to Rule 55(c) of

1  the Federal Rules of Civil Procedure, to set aside the default that was entered against Defendant
2  Concrete Shell in this action on January 24, 2008. As part of the settlement of a related
3  arbitration, Defendant Concrete Shell assigned to Britannia all of Concrete Shell's rights and
4  claims against Defendant H & H Plastering, Inc. ("H&H") and H&H's insurers – including
5  Concrete Shell's rights and claims against Plaintiff Insurance Corporation of New York
6  ("InsCorp").

7  An entry of default may be set aside for good cause. *See* Fed. R. Civ. Proc. 55(c). This
8  Court has discretion in ruling on a motion to set aside a default. *Mendoza v. Wight Vineyard*
9  *Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). This Court's "discretion is especially broad where, as
10 here, it is entry of default that is being set aside, rather than a default judgment." *Id.* This Court
11 should set aside the default entered against Concrete Shell for the following reasons:

12 First, the default did not result from culpable conduct on the part of Britannia or Concrete
13 Shell. *See TCI Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

14 Second, Britannia, as Concrete Shell's assignee, has a meritorious defense to InsCorp's
15 Complaint. *See id.*

16 Third, having to litigate this action on the merits would not prejudice InsCorp. *Id.* at 701.

17 Fourth, substantial sums are involved in this dispute. *Swink v. City of Pagedale*, 810 F.2d
18 791, 792 n.2 (8th Cir. 1987).

19 The motion is based on this notice of motion, the accompanying memorandum and
20 declarations in support thereof, any further pleadings and evidence that Britannia may present in
21 support of the motion, and such evidence and argument as may be presented at the hearing on the
22 motion.

23 Dated: May 1, 2008                                                     FOLGER LEVIN & KAHN LLP

24                                                                                         /s/ Eric M. Lode

25                                                                                         Eric M. Lode
                                                                                   Attorneys for Third-Party Assignee
26                                                                              Britannia Pointe Grand Limited Partnership

27

28  17035\3008\599766.1