Norman J. Roger, Esq. (SBN 62554)
Patricia M. Fama, Esq. (SBN 138362)
Roger, Scott & Helmer LLP
1001 Marshall Street, Suite 400
Redwood City, CA 94063
Telephone: 650-365-7700
Facsimile: 650-365-0677

#131309
Attorneys for Plaintiff
INSURANCE CORPORATION OF NEW YORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK, <br><br> Plaintiff, <br><br> vs. <br><br> H & H PLASTERING, INC., CONCRETE SHELL STRUCTURES, INC. ; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. C 07-05214 JL <br><br> DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT <br><br> DATE:  June 5, 2008 <br> TIME:    8:00 a.m. <br> DEPT:   9 <br> Hon. William Alsup |

I, Norman J. Roger, declare:

1.     I am a partner with the law firm of Roger, Scott & Helmer, LLP, attorneys of record for Insurance Corporation of New York ("InsCorp") in this action.  I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

1

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT

2.      I make this declaration in Opposition to Third Party Assignee Britannia Pointe Grand Limited Partnership's Memorandum of Points and Authorities in Support of its Motion to Set Aside Default.

3.      My firm is counsel of record for InsCorp in this matter and drafted the complaint which initiated this action.  Concrete Shell Structures, Inc. ("CSS") was named as a defendant in this action because it is the only party that asserted a direct, affirmative claim against H&H Plastering, Inc. ("H&H"), InsCorp's insured, in the underlying arbitration proceeding, (American Arbitration Association Case Number 74 1100 M 00660 04 BRSH).   Accordingly, InsCorp wanted to bind CSS to the outcome of the coverage action.  Neither I, nor my firm, have been counsel of record for any party in the underlying arbitration proceeding.    I did have telephone conversations with the mediator in the underlying arbitration proceeding wherein I articulated Inscorp's coverage position.

### Notice of Opposition to Application for Default

4.      On May 1, 2008, beginning at approximately 3:07 p.m., I received e-mail notification of documents filed in this matter.   I directed my assistant to print the documents and have reviewed the papers filed by Third Party Assignees Britannia Pointe Grand Limited Partnership in this matter including the following:

- Third Party Assignee Britannia Pointe Grand Limited Partnership Memorandum of Points and Authorities in Opposition to Plaintiff Insurance Corporation of New York Application for Default Judgment.  (Dkt. No. 28)

- Declaration of Eric Load (Dkt. No. 29)

- Declaration of David S. Henningsen (Dkt.  No. 30)

- Declaration f Craig S. Jones (Dkt. No. 31)

- Third Party Assignee Britannia Pointe Grand Limited Partnership Notice of Motion and Motion to Set Aside the Default Entered Against Concrete Shell Structures, Inc. (Dkt. No. 32)

2

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT

- Third Party Assignee Britannia Pointe Grand Limited Partnership Memorandum of Points and Authorities in Support of its Motion to Set Aside the Default Entered Against Concrete Shell Structures, Inc. (Dkt. No. 33)
- Certificate of Interested Parties (Dkt. No. 34)
- Certificate of Service (Dkt. No. 35)

### Pre-Default Communications

6.    On or about October 26, 2007 I spoke with David S. Henningsen regarding this lawsuit.  I have reviewed Mr. Henningsen's Declaration regarding his recollection of our October 26, 2007 conversation.  Statements attributed to me in Mr. Henningsen's Declaration are not correct.  I have no personal or independent knowledge that the former principal of H&H is 75 years old or that he was involved in a serious car accident or that he was rendered severally disabled, and was not provided with such information by the principal of H&H.  My only source of this information is the statement made in Mr. Henningsen's Declaration.  I understand that Mr. Henningsen is appointed defense counsel for CSS in the underlying arbitration.

7.    H&H Plastering, Inc. was served with the complaint in this matter on November 6, 2007.  On November 7, 2007 I did receive a telephone call from the former president of H&H regarding service.  He told me that H&H has been out of business since 2005 and inquired as to what action was required on his part.  I told him that I could not provide advice to him and that he should contact an attorney.  I told him if he did nothing in response to service of the complaint a default would be taken against H&H.  At no time did he mention his age or involvement in an automobile accident

8.    I do not recall that Mr. Henningsen had "made it clear that Concrete Shell intended to answer and protect its interests, but that the process for doing so needed to be worked out."  A letter I received from Mr. Hennignsen via facsimile immediately following

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT

our telephone conversation mentioned only "H&M Plastering," stated only that he would like to have that entity defended, and concluded with a request that I not take a default of "H&M" at this time.  There was no mention of CSS.  (See paragraph 10, below.)

9.     Pursuant to Mr. Henningsen's request during out conversation on October 26, 2007, and within hours after its conclusion and at my direction, my assistant forwarded to Mr. Henningsen a courtesy copy of the endorsed-filed complaint in this action.  Attached hereto as Exhibit A is a true and correct copy of the email transmittal forwarding the complaint to Mr. Henningsen.

10.     On October 26, 2007 and following my conversation with Mr. Henningsen, I did receive correspondence from him.  The correspondence, attached as Exhibit A to Mr. Henningsen's declaration, states in full:

> "Could you please send me a copy of the complaint that you have filed against H&M Plastering?  I would like to have the case defended for H&M and so I would request that you please not take a default at this time."  (sic)

11.     Mr. Henningsen and I spoke on at least two occasions prior to entry of default in this matter.   Based on my time records and the date H&H was served, I believe that Mr. Henningsen and I spoke again sometime after my November 7, 2007 conversation with H&H's principal.  I believe that during a phone conversation following our telephone conversation of October 26, 2007 I told Mr. Henningsen that the principal of H&H had contacted me after being served with the summons and complaint in this action and described the conversation with H&H's principal as related above.

12.     On or about December 14, 2007, and in accordance with the rules of Court, my office wrote to CSS/Brian Cameron inviting them to meet and confer for the Initial Statement and Initial Status Conference.  Attached hereto as Exhibit B is a true and correct copy of the December 14, 2007 letter.   There was no reply to this letter.

4

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT

13.    On or about December 28, 2007 my office sent a certified letter to Brian Cameron/CSS, delivery of which is confirmed, advising CSS that an answer to the complaint was due and that if a response to the complaint was not made a default would be taken by January 4, 2008.    Attached hereto as Exhibit C is a true and correct copy of the December 28, 2007 letter.  (Letters identical to Exhibits B and C were also sent to H&H but are not attached as H&H is not seeking any relief from this court.)

14.    On January 2, 2008, I am informed and believe that Mr. Cameron left a voice mail message with an associate in my office acknowledging the December 28, 2007 letter and indicating that CSS was a dissolved corporation.  Mr. Cameron expressed no intent to respond to the complaint.    (See Connor Dec. in Support of Request to Enter Default of CSS, Dkt. No. 22)

15.    On or about January 9, 2008, and on behalf of InsCorp, my office filed and served a Case Management Conference Statement.  CSS, through its registered agent, was served with a copy of the Case Management Conference Statement.   The Case Management Statement stated:

> "Defendants H&H Plastering, Inc.  ("H&H") Concrete Shell Structures, Inc. ("CSS") have been served in this matter but have not yet filed responsive pleadings.  It is anticipated that InsCorp will default the defendants and request a prove up hearing to conclude this action.
>
> *  *  *
>
> CSS is a California corporation with its principal place of business in San Leandro, CA. CSS's corporate status is dissolved.  CSS was served through its Agent for Service of Process, Brian R. Cameron on or about November 18, 2007.
>
> By separate certified letters dated December 28, 2007, InsCorp advised H&H and CSS of their need to file responsive pleadings and stated that if no responsive pleading was filed InsCorp would request default judgment against the non-responding party.  CSS by James Cameron, acknowledged the letter but CSS has not filed a responsive pleading." (Dkt. No. 6)

5

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT

16.    On or about January 14, 2008, CSS, through its agent for service of process, was served with InsCorp's consent to proceed before Magistrate Judge. (See Dkt. No. 7)

17.    On or about January 22, 2008, CSS was served with a Request to Enter of Default, and supporting papers, through its agent for service of process, Brian Cameron. (See Dkt. No. 12).

18.    On or about January 24, 2008, default was entered against CSS (See Dkt. No. 15).

19.    On or about April 4, 2008 InsCorp filed an Application for Default Judgment. The Application was served on CSS through its agent for service of process, Brian Cameron. (See Dkt. No. 21)

20.    On or about April 24, 2008, InsCorp served the Notice of the Clerk's Notice to Scheduling Motions and Initial Case Management Conference Reassignment on CSS through its agent for service of process, Brian Cameron. (See Dkt. 27)

## Post Default Communications

21.    I next heard from Mr. Henningsen on April 24, 2008 in relation to this matter. Attached as Exhibit B to Mr. Henningsen's declaration is the correspondence that he sent to me on this matter. The correspondence states in full:

> "At this time, I would request that you stipulate to a withdrawal of the default against Concrete Shell on behalf of InsCorp because we were never informed of your default or given an opportunity to protect our interest until default was already entered."

22.    To my recollection at no time was I asked not to enter a default as to CSS. On October 26, 2007 Mr. Henningsen did ask that I not enter a default as to H&M Plastering "at this time." A default as to both H&H Plastering and CSS was not entered until almost three months later. Between October 26, 2007 and the entry of default I was not contacted by anyone purporting to represent, or undertaking to represent, either CSS or H&H in this action. During this time no one informed me that either entity intended to file a responsive pleading in this action. During this time no one requested that I delay further in seeking the

6

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT

default of either entity in this action.  From October 26, 2007 until April 24, 2008, when I received correspondence from Mr. Hennignsen asking that I stipulate to setting aside the default of CSS that had been entered three months earlier, no one purporting to represent either entity with respect to this action requested that I take, or defer from taking, any action or otherwise stating that a responsive pleading would be filed by either entity.

23.     Several days prior to January 22, 2008 I directed that a request to enter the default of CSS be prepared and served.  On January 22, 2008 the request to enter the default of CSS was sent to this court.  It was not until January 24, 2008, after sending the request to enter default, and several days after I directed that it be prepared, that I was informed that a settlement had been reached in the underlying construction defect case.  Prior to January 24, 2008 I knew that the parties had been participating in mediation sessions going back into 2007, but it was not until January 24, 2008 that I learned a settlement had been reached.

I declare under penalty of perjury pursuant to the law of the United States and the State of California that the foregoing is true and correct.  Executed this _14_ th day of May, 2008 at Redwood City, California.



NORMAN J. ROGER

DECLARATION OF NORMAN J. ROGER OPPOSITION TO BRITTANIA'S MOTION TO SET ASIDE DEFAULT