FOLGER LEVIN & KAHN LLP
James Goldberg (CSB No. 107990, jgoldberg@flk.com)
Wesley D. Hurst (CSB No. 127564, whurst@flk.com)
Eric M. Lode (CSB No. 209129, elode@flk.com)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Britannia Pointe Grand Limited Partnership, Assignee of Defendant Concrete Shell Structures, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>H&H PLASTERING, INC.; CONCRETE SHELL STRUCTURES, INC.; and DOES 1 though 10, inclusive,<br><br>Defendants. | Case No. CV 07-05214 WHA<br><br>**BRITANNIA POINTE GRAND LIMITED PARTNERSHIP'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date: May 22, 2008<br>Time: 2:00 p.m.<br>Courtroom: 9<br>Judge: Hon. William Alsup |

As part of the settlement of certain claims raised in a related arbitration, Defendant Concrete Shell Structures, Inc. ("Concrete Shell") has assigned to Britannia Pointe Grand Limited Partnership ("Britannia") all of Concrete Shell's rights and claims against Defendant H & H Plastering, Inc. ("H&H") and H&H's insurers – including Concrete Shell's rights and claims against Plaintiff Insurance Corporation of New York's ("InsCorp").  Pursuant to Local Rule 16-9(a), Britannia, as the Assignee of Defendant Concrete Shell, respectfully submits this Separate Case Management Statement.[1]

### 1. Jurisdiction and Service

Plaintiff InsCorp has invoked the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332.  Britannia does not contest jurisdiction or venue.

Plaintiff InsCorp has asserted that it served Defendants Concrete Shell and H&H with InsCorp's Complaint.

### 2. Facts

Plaintiff InsCorp seeks to reform certain of its insurance policies with Defendant H&H to include an exterior insulation finishing system ("EIFS") exclusion, which InsCorp apparently believes would eliminate its defense and indemnity obligations as to claims raised by Britannia and Defendant Concrete Shell in a related arbitration (the "Britannia Arbitration").

#### a. The Britannia Arbitration

The Britannia Arbitration involved defective construction at commercial properties located in South San Francisco, including the construction of a building located at 230 East Grand Avenue ("Building 230").  Britannia, the owner of the properties, contracted with Concrete Shell, a general contractor, to construct a building for the use of a biopharmaceutical company tenant of Britannia's.  Concrete Shell in turn subcontracted with InsCorp's insured, H&H to, among other things, install caulk joints and EIFS on Building 230's exterior.

H&H's work was defective.  When defectively installed, caulk joints and EIFS can lead to

---

[1] Plaintiff InsCorp has declined Britannia's request to file a Joint Case Management Statement.  *See* Declaration of Eric M. Lode (filed herewith).

water intrusion and resultant damage, as they did at Building 230.

Britannia became aware of construction defects at one of the properties that was the subject of the Britannia Arbitration and, consistent with its construction contracts, filed an American Arbitration Association Arbitration Demand against the general contractor, Concrete Shell (American Arbitration Association Case Number No. 74 110 M 00660 04 BRSH). Britannia later amended its demand to include claims for defective construction at Building 230 – – including defective installation of caulk joints and EIFS that led to resultant damage.[2] Britannia already has expended over $200,000 in repairing defects at Building 230, and has obtained a repair estimate of approximately $1,700,000 to repair additional defects at that building. Most of these defects relate to construction for which H&H was responsible.

H&H was insured by InsCorp. H&H is no longer in business, and Britannia understands that H&H's former principal was involved in serious car accident that rendered him severely disabled.

A few months after agreeing to defend H&H in the Britannia Arbitration under a reservation of rights, InsCorp filed this action on or about October 11, 2007, seeking to reform certain of its insurance policies with H&H to include an EIFS exclusion.

**b.     InsCorp's Allegations**

InsCorp alleges that its first insurance policy with H&H included an EIFS exclusion, but that, "[t]hrough oversight and error," InsCorp failed to include an EIFS exclusion in two of its renewal policies with H&H. Complaint ¶¶ 8, 9, 11, 12. InsCorp filed this action seeking to reform, on the alleged ground of "mutual mistake," those two renewal policies to include an EIFS exclusion that InsCorp concedes were not contained in the renewal policies that InsCorp actually issued to H&H. *See id.* ¶¶ 24-31.

Based solely on its request for reformation, InsCorp also seeks declarations that it has no

---

[2] In addition to Building 230, Britannia also demanded arbitration against Concrete Shell over defective construction at three other buildings, each of which is also located in South San Francisco: 220 East Grand Avenue, 169 Harbor Way, and 170 Harbor Way. InsCorp alleges that H&H performed work only at Building 230.

duty to defend or indemnify H&H for the claims raised by Britannia and/or Concrete Shell in the Britannia Arbitration. *See id.* ¶¶ 17, 33-43.

### c. Concrete Shell's Assignment to Britannia of Concrete Shell's Rights and Claims Against InsCorp and H&H

On or about January 17, 2008, Britannia agreed to settle the Britannia Arbitration with every party to that arbitration except for H&H. Any and all claims against H&H and H&H's insurers were expressly carved out of the settlement. As part of the settlement, Concrete Shell agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers – including Concrete Shell's additional insured rights against Plaintiff InsCorp.

The agreement pursuant to which Britannia was assigned Concrete Shell's rights and claims against H&H and H&H's insurers was finalized on April 30, 2008. The settlement agreement between the settling parties to the Britannia Arbitration requires the approval of numerous parties and insurance companies, and still is not finalized.

### d. Entries of Default

While the parties to the Britannia Arbitration were involved in the settlement discussions, Concrete Shell's counsel expressly requested that InsCorp refrain from seeking a default. Despite this request, InsCorp sought and obtained entries of default against both Concrete Shell and H&H without notifying Concrete Shell's counsel. InsCorp has now moved for a default judgment, again without providing notice to Concrete Shell's counsel. Britannia, as Concrete Shell's Assignee, has opposed InsCorp's motion for a default judgment and has also filed its own motion to set aside the default entered against Concrete Shell.

## 3. Legal Issues

Britannia and InsCorp appear to agree that, to obtain reformation, InsCorp has the burden of proving the alleged "mutual mistake" by clear and convincing evidence. *See West. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992); *see also Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 19 (1989) (written contracts are presumed to correctly express the parties' intentions).

Disputed points of law may include the following:

- Whether reformation should be denied based upon prejudice to third-parties, including Britannia. *Schools Excess Liability Fund v. Westchester Fire Ins. Co.*, 117 Cal. App. 4th 1275, 1284 (2004).

- Whether laches or other equitable doctrines favor denying InsCorp's request for reformation. *See, e.g.*, *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002)

- Whether InsCorp may rely on the purported EIFS exclusion to limit coverage. *See, e.g.*, *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1211 (2004) ("'Conspicuous placement of exclusionary language is only one of two rigid drafting rules required of insurers to exclude or limit coverage. The language itself must be plain and clear.'") (citation omitted).

- Whether InsCorp's purported EIFS exclusion would eliminate its duties to defend and indemnify H&H as to <u>all</u> claims raised against H&H in the Britannia arbitration. *See, e.g.*, *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, (2003) ("[I]nsurance coverage is 'interpreted broadly so as to afford the greatest possible protection to the insured, [whereas] . . . exclusionary clauses are interpreted narrowly against the insurer.'") (emphasis added).

**4.    Motions**

InsCorp applied for a default judgment on April 4, 2008. Britannia opposed InsCorp's application on May 1, 2008. InsCorp's application is scheduled to be heard on May 22, 2008.

On May 1, 2008, Britannia moved to set aside the default entered against Defendant Concrete Shell. Britannia's motion is scheduled to be heard on June 5, 2008.

**5.    Amendment of Pleadings**

Since defaults have been entered, Britannia has not yet responded to InsCorp's Complaint. If this Court sets aside the default, Britannia will respond to InsCorp's Complaint as Defendant Concrete Shell's Assignee. Britannia currently is evaluating the possibility of asserting various counterclaims against InsCorp, and Britannia proposes as a deadline for amending the pleadings a date thirty days after the Court issues its rulings on the pending motions described in Section 4

above.

**6.   Evidence Preservation**

Since this action revolves around InsCorp's request to reform its insurance policies with H&H, most of the evidence related to this dispute likely is in the possession of Defendant H&H and Plaintiff InsCorp. Britannia's attorneys have collected from Britannia documents in Britannia's possession that are likely to be relevant to the Britannia Arbitration. Concrete Shell also has agreed to provide Britannia with relevant documents in its possession, custody, or control.

**7.   Initial Disclosures**

Since Defendants and Britannia have not yet answered InsCorp's Complaint, no disclosures have been made.

**8.   Discovery**

No discovery has been taken to date.

**9.   Class Actions**

This case is not a class action.

**10.   Related Cases**

The underlying arbitration upon which Plaintiff InsCorp's requests for declaratory judgments are based is the American Arbitration Association proceeding entitled *Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.* (American Arbitration Association Case Number No. 74 110 M 00660 04 BRSH).

Concrete Shell has filed a petition to compel arbitration as to various subcontractors in the Britannia Arbitration in the matter entitled *In re American Arbitration Association Proceeding No. 74 110 M 00660 04 OLTR* (Superior Court of the State of California, County of San Francisco, Case No. CPF 050 505202).

**11.   Relief**

Plaintiff InsCorp seeks the following relief:

- Reformation of certain of InsCorp's insurance policies with H&H to include an EIFS exclusion;

- A declaration that InsCorp has no duty to defend H&H as to claims raised by Britannia and/or Concrete Shell in the Britannia Arbitration;
- A declaration that InsCorp has no duty to indemnify H&H for claims raised by Britannia and/or Concrete Shell in the Britannia Arbitration;
- Costs of suit; and
- Such other relief as the Court may deem just and proper.

**12.   Settlement and ADR**

The parties to the Britannia Arbitration engaged in mediation, which resulted in Britannia agreeing to settle claims made in that arbitration with all parties except for H&H, and except for potential claims relating to H&H's work.

Britannia is willing to engage in ADR with InsCorp and to develop with InsCorp a specific ADR plan for the case. InsCorp and Britannia have not yet engaged in any formal ADR proceedings, or discussed ADR, as to the matters raised in InsCorp's Complaint.

**13.   Consent to Magistrate Judge for All Purposes**

Britannia does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   Other References**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

**15.   Narrowing of Issues**

Since no initial disclosures have been made by Plaintiff InsCorp, it is too early to determine if issues may be narrowed or the presentation of evidence at trial may be expedited. Based on InsCorp's Complaint, however, it may be possible to bifurcate the proceedings by first addressing InsCorp's request for reformation: If reformation is denied, InsCorp's requests for declaratory judgments may be moot.

**16.   Expedited Schedule**

Since no initial disclosures have been made by Plaintiff InsCorp, it is too early to determine whether this is the type of case that can be handled on an expedited basis with

streamlined procedures.

**17.   Scheduling**

Since no initial disclosures have been made by Plaintiff InsCorp, it is too early to propose dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

**18.   Trial**

Plaintiff InsCorp's requests for reformation and declaratory judgments appear to be the sort of requests that would be tried to the Court.  In the event that Britannia or Defendants bring certain counterclaims, such counterclaims may be tried to a jury.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Britannia has filed the "Certificate of Interested Entities or Persons" required by Local Rule 3-16.  It appears that Plaintiff InsCorp has not filed the required certificate.

The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Plaintiff Insurance Corporation of New York;
2. Defendant H&H Plastering, Inc.;
3. Defendant Concrete Shell Structures, Inc.
4. Britannia Pointe Grand Limited Partnership (assignee of Concrete Shell); and
5. HCP, Inc. (the ultimate owner of Britannia).

**20.   Other Matters**

The parties to the Britannia Arbitration engaged in mediation proceedings before Yaroslav Sochynsky, Esq., who is familiar with the facts underlying the Britannia Arbitration and with the insurance issues arguably implicated by the claims raised therein.  Mediation before Mr.

//
//
//

1  Sochynsky between InsCorp and Britannia over the issues raised in InsCorp's Complaint may

2  facilitate the just, speedy, and inexpensive disposition of this matter.

3  Dated: May 15, 2008                              FOLGER LEVIN & KAHN LLP

4                                                              /s/ Eric M. Lode

5                                                          Eric M. Lode
                                         Attorneys for Britannia Pointe Grand Limited
6                                        Partnership, Assignee of Defendant Concrete
                                                    Shell Structures, Inc.

17035\3008\601048.2