1  RAMIRO MORALES, Bar # 167947
   SHEILA A. REID, Bar # 161180
2  MORALES & GARY
   2300 Contra Costa Boulevard, Suite 310
3  Pleasant Hill, California 94523
   Telephone:  (925) 288-1776
4  Facsimile:  (925) 288-1856

5  Attorneys for Plaintiff
   GERLING AMERICA INSURANCE COMPANY
6



FILED
SAN MATEO COUNTY

APR 2 5 2007

Clerk of the Superior Court
By _____
DEPUTY CLERK

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SAN MATEO

11

12  GERLING AMERICA INSURANCE          )    Case No.: CIV456421
    COMPANY,                           )
13                                     )    [PROPOSED]
            Plaintiff,                 )    ORDER GRANTING PLAINTIFF
14                                     )    GERLING AMERICA INSURANCE
    vs.                                )    COMPANY'S MOTION FOR
15                                     )    SUMMARY ADJUDICATION
    INSURANCE CORPORATION OF NEW       )
16  YORK; and DOES 1 through 10, inclusive, )
                                       )
17          Defendants.                )
                                       )
18

19        The motion of Plaintiff, Gerling America Insurance Company ("Gerling") for summary

20  adjudication came on regularly for hearing before this Court on April 10, 2007, at 9:00 a.m. in

21  Department 3, the Honorable Beth Labson Freeman, Presiding.  Ramiro Morales appeared on behalf

22  of moving party, Gerling; Patricia Fama appeared on behalf of responding party, Defendant

23  Insurance Corporation of New York ("Inscorp").

24        After full consideration of the papers and evidence submitted, and oral arguments of

25  counsel, the Court rules as follows:

26        EVIDENTIARY OBJECTIONS: (Counsel are reminded to submit evidentiary objections in

27  compliance with CRC 3.1354)

28

                                        -1-
[PROPOSED] ORDER

                                                        CASE NO.  CIV 456421

1    Plaintiff's Objections: OVERRULE the general objections the entire Daniels Declaration

2  and objections to paragraphs 7 and 12. SUSTAIN all remaining objections (The testimony and

3  exhibits all pertain to an affirmative defense of reformation that is outside the pleadings and thus not

4  relevant here)

5    Defendant's Objections: OVERRULE all objections

6    GRANT Plaintiff Gerling America Ins. Co.'s Motion for Summary Adjudication as to an

7  issue of duty, namely that Defendant Inscorp owes a duty to defend its named insured H & H

8  Plastering, Inc. in the underlying construction defect arbitration action entitled Britannia Point

9  Grand Limited Partnership v. Concrete Shell Structures, Inc., AAA Case No. 74 110 M00660 04

10  OLTR. Based upon all of the papers submitted in support and in opposition to the Motion for

11  Summary Adjudication, Plaintiff has established that there are no triable issues of material fact and

12  it is entitled to judgment on the issue of duty as a matter of law. See CCP sec. 437c (f)(1). This

13  action is brought by one of two insurers of H & H Plastering against the other insurer. In the

14  underlying action, Britannia has sued the general contractor for construction defects. The general

15  contractor has counter sued the sub contractors on that job. H & H Plastering is one of those

16  subcontractors. Plaintiff Gerling has demonstrated that during a portion of the relevant time period

17  in the underlying action Defendant Inscorp insured H & H Plastering under a Commercial General

18  Liability Policy (CGL). Inscorp insured H & H in 1999 and 2000 (UMF 1, 2). Those policies

19  expressly covered property damage. (UMF 11) which is defined in the policies as "physical injury to

20  tangible property" (UMF 13). In June, 2004 Britannia filed a demand for arbitration against

21  Concrete Shell Structures alleging construction defects in various building projects. (UMF3). It

22  alleges as part of its complaint that there are defects in the exterior wall application of one building

23  that caused cracks in an exterior wall that allowed water leakage to damage the structures. (UMF 6,

24  7, 8). The Britannia complaint alleges an occurrence that is potentially within the applicable policy

25  periods. (UMF 12; 1999, 2000 Insurance policies; Britannia Demand for Arbitration)  In December

26  2004 Concrete Structures cross claimed against H & H for indemnity and contribution (UMF 4). H

27  & H tendered the defense of the Britannia action to Inscorp around January 31, 2005 (UMF 10).

28

[PROPOSED] ORDER

-2-

CASE NO. CIV 456421

1  Inscorp has admitted that some of the items of damage in the Britannia complaint involve "physical
2  injury to tangible property" (UMF 16, RFA Set 1, Nos. 15, 16). Neither the 1999 or 2000 insurance
3  policies issued by Inscorp to H & H included an "Exterior Insulation and Finish System" (EIFS)
4  exclusion. Based upon this undisputed evidence, Plaintiff has met its initial burden pursuant to CCP
5  sec 437c (p)(1). Under California law an insurer has a duty to defend when there is the slightest
6  potential for coverage. See *Gray v. Zurich Ins. Co.* (1965) 65 Cal. 2nd 263, 275. The undisputed
7  evidence submitted by Plaintiff demonstrates a prima facie case that the underlying claim against H
8  & H may fall within policy coverage thus establishing Inscorp's duty to defend. *See Montrose*
9  *Chem. Corp. v. Superior Court (Montrose I)* (1993) 6 Cal. 4th 287, 300.

10      The burden then shifts to Inscorp to submit undisputed admissible evidence "conclusively
11  eliminating the potential for coverage under the policies. It is not enough to show that there are
12  merely triable issues of material fact. *See, Montrose I, supra*, 6 Cal. 4th at 304; *Maryland Cas. Co.*
13  *v. Nat. Am. Ins. Co.* (1996) 48 Cal. App. 4th 1822, 1832. Inscorp submits evidence that establishes
14  that it initially insured H & H in 1998 and the initial policy contained an EIFS exclusion. (AMF 6).
15  That policy was renewed in 1999 and 2000 (AMF 8, 14). Neither renewal contained the EIFS
16  exclusion (AMF 11, 19, Daniels decl. par. 21, 22). In 2001 Inscorp rewrote H & H's coverage and
17  included the EIFS exclusion for the 2001 policy. (AMF 22). Inscorp's only argument in opposition
18  to summary adjudication is that the 1999 and 2000 policies should be reformed to include the EIFS
19  exclusions because Inscorp never intended to delete the exclusion, it was against company policy to
20  issue such a policy without the exclusion and, as David Daniels, President and COO of HDR
21  Insurance Services, the managing general agent for Inscorp and underwriter for Inscorp, states
22  "Through error and oversight, it appears that the mandatory EIFS endorsement was not user selected
23  and the policy forms, when generated, did not list the EIFS exclusion" (Daniels Decl. par 21,22).
24  The court rejects Inscorp entire argument regarding reformation of the insurance contract. On this
25  issue, Inscorp would bear the burden of proof, therefore it is limited to the issues framed by the
26  pleadings. *See Distefano v. Forester* (2001) 85 Cal. App. 4th 1249, 1265; Weil and Brown, Civil
27  Procedure Before Trial, sec. 10:257. The court has examined the Answer filed in this action, there
28

-3-

1  being no cross complaint, and finds that none of the 23 separately pleaded affirmative defenses

2  addresses reformation. The court will not consider Inscorp's evidence or arguments on this issue.

3      Additionally, aside from the issue whether the insurance contract should be deemed to

4  include the EIFS exclusion, Inscorp has offered no evidence or argument that all of the allegation in

5  the Britannia complaint that pertain to H & H would be subsumed by such an exclusion. There

6  remaining the possibility for some alleged property damage to fall outside that exclusion, Inscorp

7  has failed to submit conclusive evidence that eliminates the potential for coverage. *See Md. Cas. Co.*

8  *v. Nat. Am. Ins. Co.* (1996) 48 Cal. App. 4th 1822, 1832.

9      Having failed to meet its burden to defeat this motion, the court grants summary

10  adjudication on the issue of duty to defend H & H in the underlying action.

11      IT IS SO ORDERED.

13  Date: 4-20-07

14  JUDGE OF THE SUPERIOR COURT

16  Approved as to form:

18  Date: _____

19

20  Counsel for Defendant
Insurance Corp. of New York

S:\DOCS\GA5095\ORD070409.SAR.wpd

[PROPOSED] ORDER    -4-    CASE NO. CIV 456421