Norman J. Roger, Esq. SBN 62554
Patricia M. Fama, Esq. SBN 138362
Roger, Scott & Helmer LLP
1001 Marshall Street, Suite 400
Redwood City, Ca. 94063-2000
Telephone: 650-365-7700
Facsimile: 650-365-0677

#1333026
Attorneys for Plaintiff
INSURANCE CORPORATON OF NEW YORK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE CORPORATION OF NEW YORK, <br><br> Plaintiff, <br><br> vs. <br><br> H & H PLASTERING, INC., CONCRETE SHELL STRUCTURES, INC. ; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.  C 07-05214 JL <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION MEMORANDUM OF INSURANCE CORPORATION OF NEW YORK'S TO BRITANNIA POINTE GRAND LIMITED PARTNERSHIPS MOTION TO INTERVENE OR, IN THE ALTERNATIVE, SUBSTITUTE FOR ASSIGNOR DEFENDANT CONCRETE SHELL** <br><br> **DATE:** July 17, 2008 <br> **TIME:**  8:00 a.m. <br> **DEPT:** 9 <br> **JUDGE:**  William Alsup |

Plaintiff INSURANCE CORPORATION OF NEW YORK, by and through its attorney, hereby requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts:

1.    Concrete Shell Structures, Inc. whose mailing address is PO Box 2233, San Leandro, CA 94577 is a dissolved corporation.  Attached hereto as Exhibit "1" is a true and correct copy of the public records of the California Secretary of State.  Attached hereto as Exhibit "2" is a true and correct copy of the results of a Lexis search.

2.    H & H Plastering, Inc. whose mailing address is 5680 Boscell Common, Fremont, CA 94538 is a suspended corporation.  Attached hereto as Exhibit "3" is a true and correct copy of the public records of the California Secretary of State.  Attached hereto as Exhibit "4" is a true and correct copy of the results of a Lexis search.

3.    The Reply Declaration of Norman J. Roger in Support of Insurance Corporation of New York's Application for Default Judgment executed on May 7, 2008 and previously filed with this Court.  Attached hereto as Exhibit "5" is a true and correct copy of the filed Declaration.

DATED: June 26, 2008                          ROGER, SCOTT & HELMER


                                              By: _Patricia M. Fama_____
                                                  Patricia M. Fama
                                                  Attorneys for Plaintiff
                                                  INSURANCE CORPORATION OF NEW
                                                  YORK

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION MEMORANDUM OF INSURANCE CORPORATION OF NEW YORK'S TO BRITANNIA POINTE GRAND LIMITED PARTNERSHIPS MOTION TO INTERVENE OR, IN THE ALTERNATIVE, SUBSTITUTE FOR ASSIGNOR DEFENDANT CONCRETE SHELL**

# EXHIBIT 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUN 20, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| CONCRETE SHELL STRUCTURES, INC. | | |
| **Number:** C0502811 | **Date Filed:** 1/12/1966 | **Status:** dissolved |
| **Jurisdiction:** California | | |
| **Address** | | |
| P O BOX 2233 | | |
| SAN LEANDRO, CA 94577 | | |
| **Agent for Service of Process** | | |
| BRIAN R CAMERON | | |
| 14280 DOOLITTLE DRIVE | | |
| SAN LEANDRO, CA 94577 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 2

**Patricia M. Fama**

| | |
|---|---|
| **From:** | LexisNexis Print Delivery [lexisnexis@prod.lexisnexis.com] |
| **Sent:** | Wednesday, June 25, 2008 4:54 PM |
| **To:** | Patricia M. Fama |
| **Subject:** | LexisNexis(R) Email Delivery (1823:100122195) |

```
California Corporate Filing
Corporate Filing
Business Information
                            Filing Number: C0502811
                                     Name: CONCRETE SHELL STRUCTURES, INC.
                                Name Type: LEGAL
                          MAILING Address: PO BOX 2233
                                           SAN LEANDRO, CA 94577-0344
                            Business Type: CORPORATION
                              Filing Type: ARTICLES OF INCORPORATION
                                   Status: DISSOLVED
                        Place Incorporated: California
                         Date Incorporated: 19/1966
                                    Terms:
                               For Profit: Yes
                              Tax Program: NOT SUSPENDED (GOOD STANDING) Registered Agent
                                     Name: CAMERON, BRIAN R
                                    Title: REGISTERED AGENT
          REGISTERED OFFICE Address: 14280 DOOLITTLE DR
                                           SAN LEANDRO, CA 94577-5542 Stock Information
Stock
                    Additional Information: STOCK Officers - As Of - 07/11/2007
                                     Name: CAMERON, BRIAN R
                                           PRESIDENT
                             Contact Type: OFFICER
                                  Address: 1960 S FOREST HILL PL
                                           DANVILLE, CA 94526-5602
                             Address Type: CONTACT

Filing History
                              Filing Date: 12/31/2003
                              Description: CERTIFICATE OF DISSOLUTION;NO TAX CL - A

                              Filing Date: 12/31/2003
                              Description: CERTIFICATE OF ELECTION TO DISSOLVE

                              Filing Date: 12/31/2003
                              Description: CERTIFICATE OF DISSOLUTION;TC 06/25/04 PW

                              Filing Date: 12/31/2003
                                   Number: D0723183
                              Description: CERTIFICATE OF ELECTION TO DISSOLVE

                              Filing Date: 12/31/2003
                                   Number: D0723184
                              Description: CERTIFICATE OF DISSOLUTION;NO TAX CL - A

                              Filing Date: 01/21/2003
                                   Number: 0005349
                              Description: STATEMENT OF OFFICERS

                              Filing Date: 02/23/2001
                              Description: CERTIFICATE OF AMENDMENT

                              Filing Date: 02/23/2001
                                   Number: A0560770
                              Description: CERTIFICATE OF AMENDMENT
```

1

Number: 0005349
Description: STATEMENT OF OFFICERS

Important: The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Copyright© 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# California Corporate Filing

## Corporate Filing

### Business Information

| | |
|---|---|
| **Filing Number:** | C0502811 |
| **Name:** | CONCRETE SHELL STRUCTURES, INC. |
| **Name Type:** | LEGAL |
| mailing address: | PO BOX 2233 SAN LEANDRO, CA 94577-0344 |
| **Business Type:** | CORPORATION |
| **Filing Type:** | ARTICLES OF INCORPORATION |
| **Status:** | DISSOLVED |
| **Place Incorporated:** | California |
| **Date Incorporated:** | 19/1966 |
| **Terms:** | |
| **For Profit:** | Yes |
| **Tax Program:** | NOT SUSPENDED (GOOD STANDING) |

### Registered Agent

| | |
|---|---|
| **Name:** | CAMERON, BRIAN R |
| **Title:** | REGISTERED AGENT |
| registered office address: | 14280 DOOLITTLE DR SAN LEANDRO, CA 94577-5542 |

## Stock Information

### Stock

| | |
|---|---|
| **Additional Information:** | STOCK |

### Officers - As Of - 07/11/2007

| Name | Contact Type | Date(s) | Address | Address Type |
|---|---|---|---|---|
| CAMERON, BRIAN R PRESIDENT | OFFICER | | 1960 S FOREST HILL PL DANVILLE, CA 94526-5602 | CONTACT |

### Historical Contacts

| Name | Contact Type | Date(s) | Address | Address Type |
|---|---|---|---|---|
| CAMERON, BRIAN R PRESIDENT | OFFICER | | 1960 S FOREST HILL PL DANVILLE, CA 94526-5602 | CONTACT |

## Filing History

**Filing History**

| Filing Date | Filing Type | Number | Description | Microfilm |
|---|---|---|---|---|
| 12/31/2003 | FILING | | CERTIFICATE OF DISSOLUTION;NO TAX CL - A | |
| 12/31/2003 | FILING | | CERTIFICATE OF ELECTION TO DISSOLVE | |
| 12/31/2003 | FILING | | CERTIFICATE OF DISSOLUTION;TC 06/25/04 PW | |
| 12/31/2003 | FILING | D0723183 | CERTIFICATE OF ELECTION TO DISSOLVE | |
| 12/31/2003 | FILING | D0723184 | CERTIFICATE OF DISSOLUTION;NO TAX CL - A | |
| 01/21/2003 | FILING | 0005349 | STATEMENT OF OFFICERS | |
| 02/23/2001 | FILING | | CERTIFICATE OF AMENDMENT | |
| 02/23/2001 | FILING | A0560770 | CERTIFICATE OF AMENDMENT | |
| | FILING | 0005349 | STATEMENT OF OFFICERS | |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.



About LexisNexis | Terms & Conditions
Copyright© 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT 3

California Business Search

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUN 20, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
| --- | --- | --- |
| H & H PLASTERING, INC. | | |
| **Number:** C1228054 | **Date Filed:** 10/3/1983 | **Status:** suspended |
| **Jurisdiction:** California | | |
| **Address** | | |
| 5680 BOSCELL COMMON | | |
| FREMONT, CA 94538 | | |
| **Agent for Service of Process** | | |
| JAMES HOFFMAN | | |
| 908 REGENCY COURT | | |
| SAN RAMON, CA 94583 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT 4

# California Corporate Filing

## Corporate Filing
### Business Information

|  |  |
|---|---|
| Filing Number: | C1228054 |
| Name: | H & H PLASTERING, INC. |
| Name Type: | LEGAL |
| MAILING Address: | 5680 BOSCELL CMN<br>FREMONT, CA 94538-5110 |
| Business Type: | CORPORATION |
| Filing Type: | ARTICLES OF INCORPORATION |
| Status: | SUSPENDED |
| Status Date: | 04/02/2007 |
| Place Incorporated: | California |
| Date Incorporated: | 19/1983 |
| Terms: | |
| For Profit: | Yes |
| Tax Program: | SUSPENDED |

### Registered Agent

|  |  |
|---|---|
| Name: | HOFFMAN, JAMES |
| Title: | REGISTERED AGENT |
| REGISTERED OFFICE Address: | 908 REGENCY CT<br>SAN RAMON, CA 94582-5626 |

## Stock Information
### Stock

|  |  |
|---|---|
| Additional Information: | STOCK |

## Officers - As Of - 07/11/2007

|  |  |
|---|---|
| Name: | HOFFMAN, JAMES<br>PRESIDENT |
| Contact Type: | OFFICER |
| Address: | 908 REGENCY CT<br>SAN RAMON, CA 94582-5626 |
| Address Type: | CONTACT |

## Filing History

|  |  |
|---|---|
| Filing Date: | 04/02/2007 |
| Description: | FRANCHISE TAX BOARD SUSPENSION |

|  |  |
|---|---|
| Filing Date: | 11/30/2006 |
| Description: | SECRETARY OF STATE SUSPENSION |

|  |  |
|---|---|
| Number: | 0410913 |
| Description: | STATEMENT OF OFFICERS |

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Copyright© 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



**EXHIBIT 5**

1  Norman J. Roger, Esq. (SBN 62554)
   Patricia M. Fama, Esq. (SBN 138362)
2  Roger, Scott & Helmer LLP
   1001 Marshall Street, Suite 400
3  Redwood City, CA 94063
   Telephone: 650-365-7700
4  Facsimile: 650-365-0677

5  #131008
   Attorneys for Plaintiff
6  INSURANCE CORPORATION OF NEW YORK

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12
   INSURANCE CORPORATION OF NEW      )
13 YORK,                            )   Case No. C 07-05214 JL
                                    )
14        Plaintiff,                )   REPLY DECLARATION OF NORMAN
                                    )   J. ROGER IN SUPPORT OF
15     vs.                          )   INSURANCE CORPORATION OF NEW
                                    )   YORK'S APPLICATION FOR DEFAULT
16                                  )   JUDGMENT
   H & H PLASTERING, INC., CONCRETE )
17 SHELL STRUCTURES, INC. ; and DOES 1 )
   through 10, inclusive,           )   DATE:  May 22, 2008
18                                  )   TIME:  8:00 a.m.
          Defendant.               )   DEPT:  9
19                                  )   Hon. William Alsup
20

21

22

23    I, Norman J. Roger, declare:

24        1.    I am a partner with the law firm of Roger, Scott & Helmer, LLP, attorneys of

25 record for Insurance Corporation of New York ("InsCorp") in this action. I have personal

26 knowledge of the following facts and, if called as a witness, could and would testify

27 competently thereto.

28
                                     1

2.    I make this declaration in Reply to Third Party Assignee Britannia Pointe Grand Limited Partnership's Memorandum of Points and Authorities in Opposition to Plaintiff Insurance Corporation of New York's Application for Default Judgment.

3.    My firm is counsel of record for InsCorp in this matter and drafted the complaint which initiated this action. Concrete Shell Structures, Inc. ("CSS") was named as a defendant in this action because it is the only party that asserted a direct, affirmative claim against H&H Plastering, Inc. ("H&H"), InsCorp's insured, in the underlying arbitration proceeding, (American Arbitration Association Case Number 74 1100 M 00660 04 BRSH). Accordingly, InsCorp wanted to bind CSS to the outcome of the coverage action. Neither I, nor my firm, have been counsel of record for any party in the underlying arbitration proceeding. I did have telephone conversations with the mediator in the underlying arbitration proceeding wherein I articulated Inscorp's coverage position.

### Notice of Opposition to Application for Default

4.    On May 1, 2008, beginning at approximately 3:07 p.m., I received e-mail notification of documents filed in this matter. I directed my assistant to print the documents and have reviewed the papers filed by Third Party Assignees Britannia Pointe Grand Limited Partnership in this matter including the following:

- Third Party Assignee Britannia Pointe Grand Limited Partnership Memorandum of Points and Authorities in Opposition to Plaintiff Insurance Corporation of New York Application for Default Judgment. (Dkt. No. 28)

- Declaration of Eric Load (Dkt. No. 29)

- Declaration of David S. Henningsen (Dkt. No. 30)

- Declaration f Craig S. Jones (Dkt. No. 31)

- Third Party Assignee Britannia Pointe Grand Limited Partnership Notice of Motion and Motion to Set Aside the Default Entered Against Concrete Shell Structures, Inc. (Dkt. No. 32)

REPY DECLARATION OF NORMAN J. ROGER IN SUPPORT OF INSURANCE CORPORATION OF NEW YORK'S APPLICATION FOR DEFAULT JUDGMENT

- Third Party Assignee Britannia Pointe Grand Limited Partnership Memorandum of Points and Authorities in Support of its Motion to Set Aside the Default Entered Against Concrete Shell Structures, Inc. (Dkt. No. 33)
- Certificate of Interested Parties (Dkt. No. 34)
- Certificate of Service (Dkt. No. 35)

5.     **(INTENTIONALLY LEFT BLANK)**.

### Pre-Default Communications

6.     On or about October 26, 2007 I spoke with David S. Henningsen regarding this lawsuit.    I have reviewed Mr. Henningsen's Declaration regarding his recollection of our October 26, 2007 conversation.  Statements attributed to me in Mr. Henningsen's Declaration are not correct.  I have no personal or independent knowledge that the former principal of H&H is 75 years old or that he was involved in a serious car accident or that he was rendered severally disabled, and was not provided with such information by the principal of H&H.  My only source of this information is the statement made in Mr. Henningsen's Declaration.  I understand that Mr. Henningsen is appointed defense counsel for CSS in the underlying arbitration.

7.     H&H Plastering, Inc. was served with the complaint in this matter on November 6, 2007. On November 7, 2007 I did receive a telephone call from the former president of H&H regarding service.  He told me that H&H has been out of business since 2005 and inquired as to what action was required on his part.  I told him that I could not provide advice to him and that he should contact an attorney.  I told him if he did nothing in response to service of the complaint a default would be taken against H&H.  At no time did he mention his age or involvement in an automobile accident

8.     I do not recall that Mr. Henningsen had "made it clear that Concrete Shell intended to answer and protect its interests, but that the process for doing so needed to be worked out."  A letter I received from Mr. Hennignsen via facsimile immediately following

REPY DECLARATION OF NORMAN J. ROGER IN SUPPORT OF INSURANCE CORPORATION
OF NEW YORK'S APPLICATION FOR DEFAULT JUDGMENT

1 our telephone conversation mentioned only "H&M Plastering," stated only that he would like

2 to have that entity defended, and concluded with a request that I not take a default of "H&M"

3 at this time. There was no mention of CSS. (See paragraph 10, below.)

4     9.     Pursuant to Mr. Henningsen's request during out conversation on October 26,

5 2007, and within hours after its conclusion and at my direction, my assistant forwarded to Mr.

6 Henningsen a courtesy copy of the endorsed-filed complaint in this action. Attached hereto as

7 Exhibit A is a true and correct copy of the email transmittal forwarding the complaint to Mr.

8 Henningsen.

9     10.     On October 26, 2007 and following my conversation with Mr. Henningsen, I did

10 receive correspondence from him. The correspondence, attached as Exhibit A to Mr.

11 Henningsen's declaration, states in full:

12         "Could you please send me a copy of the complaint that you have

13         filed against H&M Plastering? I would like to have the case

        defended for H&M and so I would request that you please not take

14         a default at this time." (sic)

15     11.     Mr. Henningsen and I spoke on at least two occasions prior to entry of default in

16 this matter. Based on my time records and the date H&H was served, I believe that Mr.

17 Henningsen and I spoke again sometime after my November 7, 2007 conversation with H&H's

18 principal. I believe that during a phone conversation following our telephone conversation of

19 October 26, 2007 I told Mr. Henningsen that the principal of H&H had contacted me after

20 being served with the summons and complaint in this action and described the conversation

21 with H&H's principal as related above.

22     12.     On or about December 14, 2007, and in accordance with the rules of Court, my

23 office wrote to CSS/Brian Cameron inviting them to meet and confer for the Initial Statement

24 and Initial Status Conference. Attached hereto as Exhibit B is a true and correct copy of the

25 December 14, 2007 letter. There was no reply to this letter.

26

27

28

13.    On or about December 28, 2007 my office sent a certified letter to Brian Cameron/CSS, delivery of which is confirmed, advising CSS that an answer to the complaint was due and that if a response to the complaint was not made a default would be taken by January 4, 2008.    Attached hereto as Exhibit C is a true and correct copy of the December 28, 2007 letter.  (Letters identical to Exhibits B and C were also sent to H&H but are not attached as H&H is not seeking any relief from this court.)

14.    On January 2, 2008, I am informed and believe that Mr. Cameron left a voice mail message with an associate in my office acknowledging the December 28, 2007 letter and indicating that CSS was a dissolved corporation.  Mr. Cameron expressed no intent to respond to the complaint.    (See Connor Dec. in Support of Request to Enter Default of CSS, Dkt. No. 22)

15.    On or about January 9, 2008, and on behalf of InsCorp, my office filed and served a Case Management Conference Statement.  CSS, through its registered agent, was served with a copy of the Case Management Conference Statement.    The Case Management Statement stated:

> "Defendants H&H Plastering, Inc.  ("H&H") Concrete Shell Structures, Inc. ("CSS") have been served in this matter but have not yet filed responsive pleadings.  It is anticipated that InsCorp will default the defendants and request a prove up hearing to conclude this action.
>
> * * *
>
> CSS is a California corporation with its principal place of business in San Leandro, CA. CSS's corporate status is dissolved.  CSS was served through its Agent for Service of Process, Brian R. Cameron on or about November 18, 2007.
>
> By separate certified letters dated December 28, 2007, InsCorp advised H&H and CSS of their need to file responsive pleadings and stated that if no responsive pleading was filed InsCorp would request default judgment against the non-responding party.  CSS by James Cameron, acknowledged the letter but CSS has not filed a responsive pleading." (Dkt. No. 6)

5

REPY DECLARATION OF NORMAN J. ROGER IN SUPPORT OF INSURANCE CORPORATION OF NEW YORK'S APPLICATION FOR DEFAULT JUDGMENT

16.     On or about January 14, 2008, CSS, through its agent for service of process, was served with InsCorp's consent to proceed before Magistrate Judge. (See Dkt. No. 7)

17.     On or about January 22, 2008, CSS was served with a Request to Enter of Default, and supporting papers, through its agent for service of process, Brian Cameron. (See Dkt. No. 12).

18.     On or about January 24, 2008, default was entered against CSS (See Dkt. No. 15).

19.     On or about April 4, 2008 InsCorp filed an Application for Default Judgment. The Application was served on CSS through its agent for service of process, Brian Cameron. (See Dkt. No. 21)

20.     On or about April 24, 2008, InsCorp served the Notice of the Clerk's Notice to Scheduling Motions and Initial Case Management Conference Reassignment on CSS through its agent for service of process, Brian Cameron. (See Dkt. 27)

### Post Default Communications

21.     I next heard from Mr. Henningsen on April 24, 2008 in relation to this matter. Attached as Exhibit B to Mr. Henningsen's declaration is the correspondence that he sent to me on this matter. The correspondence states in full:

> "At this time, I would request that you stipulate to a withdrawal of the default against Concrete Shell on behalf of InsCorp because we were never informed of your default or given an opportunity to protect our interest until default was already entered."

22.     To my recollection at no time was I asked not to enter a default as to CSS. On October 26, 2007 Mr. Henningsen did ask that I not enter a default as to H&M Plastering "at this time." A default as to both H&H Plastering and CSS was not entered until almost three months later. Between October 26, 2007 and the entry of default I was not contacted by anyone purporting to represent, or undertaking to represent, either CSS or H&H in this action. During this time no one informed me that either entity intended to file a responsive pleading in this action. During this time no one requested that I delay further in seeking the

6

1    default of either entity in this action. From October 26, 2007 until April 24, 2008, when I
2    received correspondence from Mr. Hennignsen asking that I stipulate to setting aside the
3    default of CSS that had been entered three months earlier, no one purporting to represent
4    either entity with respect to this action requested that I take, or defer from taking, any action
5    or otherwise stating that a responsive pleading would be filed by either entity.

6          23.    Several days prior to January 22, 2008 I directed that a request to enter the
7    default of CSS be prepared and served. On January 22, 2008 the request to enter the default of
8    CSS was sent to this court. It was not until January 24, 2008, after sending the request to enter
9    default, and several days after I directed that it be prepared, that I was informed that a
10   settlement had been reached in the underlying construction defect case. Prior to January 24,
11   2008 I knew that the parties had been participating in mediation sessions going back into 2007,
12   but it was not until January 24, 2008 that I learned a settlement had been reached.

13        I declare under penalty of perjury pursuant to the law of the United States and the State
14   of California that the foregoing is true and correct. Executed this 7th day of May, 2008 at
15   Redwood City, California.

16

17

18

19

20                         NORMAN J. ROGER

21

22

23

24

25

26

27

28

REPY DECLARATION OF NORMAN J. ROGER IN SUPPORT OF INSURANCE CORPORATION
OF NEW YORK'S APPLICATION FOR DEFAULT JUDGMENT

# EXHIBIT A

**Patricia M. Fama**

---

| | |
|---|---|
| **From:** | Luz M. Ramirez |
| **Sent:** | Friday, October 26, 2007 1:57 PM |
| **To:** | 'dsh@robinsonwood.com' |
| **Cc:** | Patricia M. Fama |
| **Subject:** | InsCorp. of New York v. H & H Plastering |

Dear Mr. Henningsen:

Attached is the Complaint in the above-referenced file.

Luz Marie Ramirez
Legal Assistant to Patricia M. Fama and
Jennifer L. Royer
ROGER, SCOTT & HELMER LLP
1001 Marshall Street, Suite 400
Redwood City, CA 94063
(T) 650-365-7700
(F) 650-365-0677
E-Mail: LMRAMIREZ@rshllp.com

This e-mail and any files transmitted with it is subject to the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and may contain confidential information that is legally privileged and is intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, dissemination, distribution, or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this email in error please notify the sender by reply email or by telephone at (650) 365-7700 and destroy the original transmission and its attachments without reading or saving them in any manner.

1  Norman J. Roger, Esq. SBN 62554
   Patricia M. Fama, Esq. SBN 138362
2  Roger, Scott & Helmer LLP
   1001 Marshall Street, Suite 400
3  Redwood City, Ca. 94063-2000
   Telephone: 650-365-7700
4  Facsimile: 650-365-0677

5  #118013
   Attorneys for Plaintiff
6  INSURANCE CORPORATON OF NEW YORK

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  INSURANCE CORPORATION OF NEW     )   Case No.
    YORK,                            )
13                                   )   **COMPLAINT OF INSURANCE**
                  Plaintiff,         )   **CORPORATION OF NEW YORK FOR**
14                                   )   **REFORMATION and FOR**
    vs.                              )   **DECLARATORY RELIEF**
15                                   )
16  H & H PLASTERING, INC., CONCRETE )
    SHELL STRUCTURES, INC. ; and DOES 1 )
17  through 10, inclusive,           )
                                     )
18                Defendants.        )
                                     )
19                                   )
                                     )
20                                   )

21

22       COMES NOW  Plaintiff INSURANCE CORPORATION OF NEW YORK ("InsCorp") and

23  complain against defendant as follows:

                              **PARTIES**
24
25       1.      Plaintiff InsCorp  is now, and at all relevant times was, a New York corporation

26  with its principal place of business in New York and an insurance company authorized to

27  transact business in the State of California.

28       2.      Plaintiff is informed and believes, and thereon alleges, that defendant H & H

                                    1

Plastering, Inc. ("H&H") is, and at all relevant times was, a California corporation with its principal place of business in Fremont, California.

3.    Plaintiff is informed and believes, and thereon alleges, that defendant Concrete Shell Structures, Inc. ("CSS") is, and at all relevant times was, a California corporation with its principal place of business in San Leandro, California.

## JURISDICTION

4.    The controversy for which plaintiff requests a declaratory judgment involves parties who are subject to the diversity jurisdiction of this court and the amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. §1332.

## VENUE

5.    Venue is proper in the Northern District of California in that the defendants are subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §91(a)), and the events giving rise to the need for this action occurred within this district.

## INSURANCE POLICIES

6.    InsCorp provided four years of insurance coverage to H&H from October 1, 1998 through October 1, 2002.  The coverage was provided under the following policies:

- Policy No. IC10019414 00 00 (effective October 1, 1998 - (Continuous))
- Policy No. IC10019414 01 00 (effective October 1, 1999 - (Continuous))
- Policy No. IC10019414 02 00 (effective October 1, 2000 - (Continuous))
- Policy No. IC10021378 00 00 (effective October 1, 2001 - (Continuous))

7.    The effective dates for Policy No. IC10019414 00 00 when first issued was "October 1, 1998 to (Continuous)."  As to the policy effective dates, Policy No. IC10019414 00 00 provided:

"Unless stated elsewhere, this policy is effective at 12:01a.m. at the mailing address shown below.  If the policy period is shown above as 'continuous', the policy continues until it is non-renewed at the annual anniversary of the effective date or cancelled."

8.    Policy No. IC10019414 00 00 included, as required by the underwriting guidelines

2

the Exclusion –Designated Work (CG 2134 01 87 (EIFS)) (the "EIFS exclusion")  The EIFS exclusion is listed on the Common General Liability Declarations of Policy No. IC10019414 00 00 and a copy of the EIFS exclusion was included and a part of Policy No. IC10019414 00 00.

   9.     Each of the policies issued to H & H., consistent with InsCorp underwriting guidelines, were required to include the EIFS (Exterior Insulation Finish System) exclusion.  The EIFS exclusion provides:

This Endorsement Changes the Policy.  PLEASE READ IT CAREFULLY.

EXCLUSION – DESIGNATED WORK

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

SCHEDULE

Description of your work:

1. The design, manufacture, construction, fabrication, preparation, installation, application, maintenance or repair, including remodeling, service, correction, or replacement, of an "exterior insulation and finish system" (commonly referred to as synthetic stucco) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulkings or sealants in connection with such a system.

2. Any work or operations with respect to any exterior component, fixture or feature of any structure in an "exterior insulation and finish system" is used on any part of that structure.  This exclusion applies to "your work" described in Paragraph 1. or Paragraph 2. above performed by you or on your behalf.

For the purposes of this endorsement, an "exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure, and consisting of:

   a)   a rigid or semi rigid insulation board made of expanded polystyrene or other materials and

   b)   the adhesive and/or mechanical fasteners used to attach the insulation board to the substrate, and

   c)   a reinforced base coat, and

   d)   a finish coat providing surface texture and color

3

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

10.     When Policy No. No. IC10019414 00 00 was first renewed on or about October 1, 1999, the underwriting guidelines for the policy made the use of the EIFS exclusion mandatory for plastering subcontractors such as H&H Plastering, Inc. Policy No. IC10019414 00 00 was first renewed for the period October 1, 1999 to (Continuous) under Policy No. IC10019414 01 00.

11.     When the first renewal was issued, the policy forms were computer generated. Certain forms, including the mandatory EIFS policy endorsement had to be user selected to be included on the policy declarations. Because the use of the EIFS endorsement was mandatory for class 98449 plasters like H&H Plastering, Inc., the first renewal would not have been issued without the EIFS endorsement. The renewal checklist confirmed the mandatory EIFS endorsement was to be included in the first renewal policy. Through error and oversight, it appears that the mandatory EIFS endorsement was not user selected and the policy forms, when generated, did not list the EIFS exclusion.

12.     Policy No. IC10019414 00 00 was renewed a second time, on its anniversary, for the period October 1, 2000 to (Continuous) under policy number 1C10019414 02 00 (the "second renewal policy"). As with the first renewal, through error and oversight, it appears that the mandatory EIFS endorsement was not user selected and the policy forms, when generated, did not list the EIFS exclusion. The EIFS exclusion was to have been included and a part of the policy on second renewal in accordance with the underwriter guidelines. The EIFS exclusion could not have been deleted from the policy upon second renewal for a plasterer including H&H Plastering, Inc. If the EIFS exclusion was omitted, the risk would not have been acceptable and the second renewal policy would not have been issued.

13.     The omission of the EIFS exclusion from the general liability declaration pages of the first renewal and the second renewal of Policy No. No. IC10019414 00 00 was in error and

COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR REFORMATION AND DECLARATORY RELIEF
Action No.

32.    Plaintiff incorporates by reference the allegations contained in paragraph 1 through 31, inclusive, as fully set forth herein.

33.    An actual and justiciable controversy has arisen and now exists between plaintiff and defendants concerning the rights, duties and obligations of the parties under the insurance policies InsCorp issued to H & H. Plaintiff contends that the policies do not afford coverage to H & H in relation to the Britannia claims and/or CSS claims.   Plaintiff is informed and believes and on that basis alleges that defendants dispute this contention. The controversy involves the construction and interpretation of the policies with respect to the obligation of plaintiff to participate in the defense of H & H in relation to the Britannia claims and/or CSS claims.

34.    Plaintiff is informed and believes and thereon alleges that it has no duty to defend H & H in relation to the Britannia claims and/or CSS claims.

35.    Plaintiff is informed and believes and thereon alleges that defendants denies this contention.

36.    Plaintiff therefore requests a judicial declaration regarding the parties' rights, obligations and liabilities regarding its duty to defend H & H in relation to the Britannia claims and/or CSS claims.

37.    A judicial determination of these issues is necessary and proper at this time in order that plaintiff and defendants may ascertain their respective rights and duties as to one another and may conduct themselves accordingly in the future.

### Third Cause of Action

(Declaratory Relief – Duty to Indemnify)

38.    Plaintiff re-alleges and incorporates herein by this reference, as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 37, inclusive, as if fully set forth herein.

39.    An actual controversy exists between plaintiff and defendants with respect to the

rights, duties and obligations of the parties under the InsCorp policies. Plaintiff contends that its policies do not afford coverage to H & H in relation to the Britannia claims and/or CSS claims. Plaintiff is informed and believes and on that basis alleges that defendants dispute this contention. The controversy involves the construction and interpretation of the policies with respect to the obligation of plaintiff to indemnify H & H in relation to the Britannia claims and/or CSS claims.

40. Plaintiff is informed and believes and thereon alleges that it does not have an obligation to indemnify H & H in relation to the Britannia claims and/or CSS claims.

41. Plaintiff is informed and believes and thereon alleges that defendants deny this contention.

42. Plaintiff therefore requests a judicial declaration regarding its rights, obligations and liabilities regarding its duty to indemnify H & H in relation to the Britannia claims and/or CSS claims as herein alleged.

43. A judicial determination of these issues is necessary and proper at this time in order that plaintiff and defendants may ascertain their respective rights and duties as to one another and may conduct themselves accordingly in the future.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

On the First Cause of Action

1. For reformation of Policy No. IC10019414 01 00 (effective October 1, 1999 - (Continuous)) to reflect the true intent of the parties, as follows: To include the EIFS endorsement as required, agreed and expected by the parties.

2. For reformation of Policy No. IC10019414 02 00 (effective October 1, 2000 - (Continuous)) to reflect the true intent of the parties, as follows: To include the EIFS endorsement as required, agreed and expected by the parties.

9

COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR REFORMATION AND DECLARATORY RELIEF
Action No.

On the Second Cause of Action

1.    For a declaration of plaintiff and defendants' respective rights and duties under the insurance policies herein as follows:

A.   That Plaintiffs has no obligation to defend H & H under the policies in relation to Britannia claims and/or CSS claims.

On the Third Cause of Action

1.    For a declaration of plaintiff and defendants' respective rights and duties under the insurance policies herein as follows:

A.   That Plaintiffs has no obligation to indemnify H & H under the policies for the Britannia claims and/or CSS claims.

On All Causes of Action:

For costs of suit incurred herein;

For such other and further relief as the Court may deem proper.

Dated: October 9, 2007        ROGER, SCOTT & HELMER, LLP

By _____
Norman J. Roger, Esq.
Patricia M. Fama, Esq.
Attorneys for Plaintiff
INSURANCE CORPORATION OF NEW YORK

COMPLAINT OF INSURANCE CORPORATION OF NEW YORK FOR REFORMATION AND DECLARATORY RELIEF
Action No.

## Luz M. Ramirez

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Friday, October 12, 2007 3:01 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 3:07-cv-05214-JL Insurance Corporation of New York v. H&H Plastering Inc. et al Complaint

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are two hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available* .
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 10/12/2007 3:00 PM and filed on 10/11/2007
**Case Name:**      Insurance Corporation of New York v. H&H Plastering Inc. et al
**Case Number:**    3:07-cv-5214
**Filer:**          Insurance Corporation of New York
**Document Number:** 1(No document attached)

**Docket Text:**
COMPLAINT /issued summons against H&H Plastering Inc., Concrete Shell Structures Inc. ( Filing fee $ 350, receipt number 34611011484.). Filed byInsurance Corporation of New York. (ga, COURT STAFF) (Filed on 10/11/2007)

**3:07-cv-5214 Notice has been electronically mailed to:**

Patricia M. Fama    pfama@rshllp.com, lmramirez@rshllp.com

Page 2 of 2

Norman J. Roger    nroger@rshllp.com, lmramirez@rshllp.com, tcaunday@rshllp.com

**3:07-cv-5214 Notice has been delivered by other means to:**

10/15/2007

Page 1 of 2

**Luz M. Ramirez**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Friday, October 12, 2007 3:07 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-05214-JL Insurance Corporation of New York v. H&H Plastering Inc. et al Case Referred to ECF |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are two hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available* .
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 10/12/2007 3:06 PM and filed on 10/11/2007
**Case Name:**     Insurance Corporation of New York v. H&H Plastering Inc. et al
**Case Number:**   3:07-cv-5214
**Filer:**
**Document Number:** No document attached

**Docket Text:**
CASE DESIGNATED for Electronic Filing. (ga, COURT STAFF) (Filed on 10/11/2007)

**3:07-cv-5214 Notice has been electronically mailed to:**

Patricia M. Fama     pfama@rshllp.com, lmramirez@rshllp.com

Norman J. Roger     nroger@rshllp.com, lmramirez@rshllp.com, tcaunday@rshllp.com

10/15/2007

Page 2 of 2

**3:07-cv-5214 Notice has been delivered by other means to:**

10/15/2007

# EXHIBIT B

# R ◆ S ◆ H

## ROGER, SCOTT & HELMER LLP
### Attorneys at Law
1001 Marshall Street, Suite 400
Redwood City, California 94063
Telephone (650) 365-7700
Fax (650) 365-0677
pfama@rshllp.com

Norman J. Roger
Edmund M. Scott
Pamela J. Helmer
Patricia M. Fama

Timothy C. Connor
Terri L. Crawford
Anita Mohan
Jennifer L. Royer
Charles P. Stone

Office Administrator
---- ◆ ----
Donald G.C. Shu

December 14, 2007

James Hoffman
Agent for Service of Process
H & H Plastering, Inc.
908 Regency Court
San Ramon, CA 94583

Mr. Brian R. Cameron
Agent for Service of Process
Concrete Shell Structures, Inc.
1960 S. Forest Hill Place
Danville, CA 94526

Re:    **Insurance Corporation of New York v. H&H Plastering, et al.**
United States District Court (Northern) Case No. C 07-05214 JL
Our File No.: ICN01-77103

Gentlemen:

As this matter is assigned to the Federal Court, it is necessary for us to meet and confer in advance of the Initial Status Conference in this matter. The Court requires that we prepare a Joint Statement prior to that hearing. In order to do that we would like to set up a conference call so that we may discuss this matter. I am available at any time on December 18th or 19th. Please let me know what works with your schedule and we will confirm a conference call which our office will initiate.

Very truly yours,

ROGER, SCOTT & HELMER LLP

*Patricia M. Fama*

By:
    Patricia M. Fama

PMF/lmr/125628

# EXHIBIT C

# R ◆ S ◆ H

**ROGER, SCOTT & HELMER LLP**
*Attorneys at Law*
1001 Marshall Street, Suite 400
Redwood City, California 94063
Telephone (650) 365-7700
Fax (650) 365-0677
*tconnor@rshllp.com*

Norman J. Roger
Edmund M. Scott
Pamela J. Helmer
Patricia M. Fama

Timothy C. Connor
Terri L. Crawford
Anita Mohan
Jennifer L. Royer
Charles P. Stone

Office Administrator
——◆——
Donald G.C. Shu

December 28, 2007

**VIA CERTIFIED MAIL**

Brian R. Cameron
Concrete Shell Structures, Inc.
1960 S Forest Hill Place
Danville, CA 94526

Re:   **Insurance Corporation of New York v. H&H Plastering, et al.**
United States District Court (Northern) Case No.
Our File No.: ICN01-77103

Dear Mr. Cameron:

On or about November 18, 2007, you were served with a Summons and Complaint in the above-entitled matter naming Concrete Shell Structures, Inc. as a Defendant. Pursuant to the Federal Rules of Civil Procedure, you were required to file an Answer to the Complaint, or other responsive pleading by December 10, 2007. Our records indicate that Concrete Shell Structures, Inc. has not filed an Answer in this case to date.

Accordingly, please contact this office at your earliest opportunity, or have your attorney(s) contact us, to discuss your intent to file an Answer on behalf of Concrete Shell Structures, Inc. or to otherwise appear. Should you fail to contact us by January 4, 2008, we will be forced to file a Request for Entry of Default Judgment.

Very truly yours,

ROGER, SCOTT & HELMER LLP

By: _____
Timothy C. Connor

126175

USPS - Track & Confirm

Page 1 of 1



**UNITED STATES POSTAL SERVICE.**

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7004 1350 0003 1251 1847
**Status: Delivered**

Your item was delivered at 12:46 pm on December 29, 2007 in
DANVILLE, CA 94526. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)     ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do

4/30/2008

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.21 |

Postmark
Here

7004 1350 0003 1251 1847

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002                    See Reverse for Instructions

**Luz M. Ramirez**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Thursday, May 08, 2008 11:28 AM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:07-cv-05214-WHA Insurance Corporation of New York v. H&H Plastering Inc. et al Certificate of Service |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Fama, Patricia entered on 5/8/2008 11:28 AM and filed on 5/8/2008

| | |
|---|---|
| **Case Name:** | Insurance Corporation of New York v. H&H Plastering Inc. et al |
| **Case Number:** | 3:07-cv-5214 |
| **Filer:** | Insurance Corporation of New York |
| **Document Number:** | 39 |

**Docket Text:**
**CERTIFICATE OF SERVICE by Insurance Corporation of New York *RE Reply Memorandum in Support of Insurance Corporation of New York's Application for Default Judgment; Reply Declaration of Norman J. Roger in Support of Insurance Corporation of New York's Application for Default Judgment* (Fama, Patricia) (Filed on 5/8/2008)**

**3:07-cv-5214 Notice has been electronically mailed to:**

Patricia M. Fama      pfama@rshllp.com, lmramirez@rshllp.com

Eric Matthew Lode      elode@flk.com

Norman J. Roger      nroger@rshllp.com, lmramirez@rshllp.com, tcaunday@rshllp.com

**3:07-cv-5214 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**S:\Scans\INSCORP POS.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=5/8/2008] [FileNumber=4371514-0] [
5cf22d538fca48741768433c74d8c2986a50f902629ec2f8b0706e10041b234f12e9bc
6e0dbe270b8a8d58798b18e17db14528f15b3ebb1ca9b88433e6597fc1]]