IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INSURANCE CORPORATION OF
NEW YORK,

    Plaintiff,

  v.

H&H PLASTERING INC., CONCRETE
SHELL STRUCTURES, INC., and
DOES 1 through 10, inclusive,

    Defendants.
                                        /

No. C 07-05214 WHA

**ORDER GRANTING
STAY FOR 60 DAYS**

**INTRODUCTION**

      In this long-running insurance-contract action, plaintiff Insurance Corporation of New York seeks reformation of its insurance policies with defendant H&H Plastering Inc. and a declaration that it not be held responsible for H&H's legal defense in an underlying arbitration. That arbitration began in 2004 but is still unresolved with regards to claims against H&H. H&H is no longer in business and its former principal has been incapacitated by a serious car accident. Codefendant Concrete Shell Structures, Inc. is a dissolved corporation that has assigned all its rights and claims against H&H and H&H's insurers (including plaintiff) to third-party intervenor Britannia Pointe Grand Limited Partnership. In June 2009, plaintiff was placed in rehabilitation proceedings in New York and a motion to place it in liquidation is pending in New York Supreme Court.

A bench trial is scheduled to begin in this matter on March 1, 2010, and a final pretrial conference is scheduled for February 8, 2010. Plaintiff now moves to stay this matter indefinitely, and Britannia has filed a statement of nonopposition to the motion. For the reasons that follow, this matter will be stayed for 60 days. At that point, plaintiff must choose to either proceed to trial or abandon this action.

**STATEMENT**

Commercial property owner Britannia hired general contractor Concrete Shell to construct a building on one of its properties in San Francisco. Concrete Shell hired H&H as a subcontractor to install caulk joints and an exterior installation finishing system ("EIFS") on the building's exterior. The work was substantially completed in 1998. Britannia then became aware of construction defects in the project. In June 2004, Britannia filed an arbitration action against Concrete Shell. Concrete Shell, in turn, filed a cross-claim in the arbitration against the subcontractors that had installed the caulk joints and EIFS, which included H&H.

Plaintiff was H&H's insurer at the time. Although H&H requested, pursuant to its insurance policy, that plaintiff provide a legal defense against Concrete Shell's claims in January 2005, plaintiff did not agree to defend H&H — even with a reservation of rights — until June 2007. In October 2007, plaintiff filed the instant action against H&H and Concrete Shell (but not Britannia) claiming that two of its four insurance policies with H&H mistakenly omitted an EIFS exclusion which was originally intended by the parties. The alleged omission was not discovered until after H&H requested legal defense in the Britannia action. In its complaint, plaintiff sought the following: (1) reformation of the two insurance policies at issue to reflect an EIFS exclusion, (2) declaratory relief saying that under the reformed insurance policies plaintiff had no duty to defend H&H against Britannia's or Concrete Shell's claims and (3) declaratory relief that plaintiff had no duty to indemnify H&H for its defense against those claims.

Meanwhile, the Britannia arbitration continued. On January 17, 2008, every party in the Britannia arbitration except H&H agreed to settle their respective claims against each other. As part of the settlement, Concrete Shell agreed to assign to Britannia all of Concrete Shell's rights and claims against H&H and H&H's insurers relating to the arbitration. Britannia subsequently

2

intervened in this action, assuming all of Concrete Shell's rights in relation to plaintiff. No affirmative counterclaims, however, have been asserted against plaintiff in this action. A case management order on January 28, 2009, set a trial date of March 1, 2010 (Dkt. No. 76).

On June 29, 2009, plaintiff was placed in rehabilitation proceedings in New York as insolvent. The Superintendent of Insurance of the State of New York was appointed as its rehabilitator. The order of rehabilitation (Dkt. No 82) stated in pertinent part:

> "The officers, directors, shareholders, members, depositories, trustees, policyholders, agents, servants, employees, attorneys, managers and affiliates of INSCORP are permanently enjoined and restrained from: (i) transacting the business of INSCORP; (ii) wasting or disposing of or permitting to be done any act or thing that might waste or dispose of INSCORP's property; and (iii) interfering with the Rehabilitator in the possession, control and management of INSCORP's property or in the discharge of his duties."

On December 18, 2009, upon the motion of the rehabilitator, the Supreme Court of the State of New York, County of New York, issued an order to show cause why an order should not be made to convert the rehabilitation proceeding into a liquidation proceeding (Dkt. No. 88). Counsel for plaintiff has submitted a sworn declaration that on or about January 23, 2010, she received authorization from the New York Liquidation Bureau — which carries out the duties of the Superintendent of Insurance of the State of New York as rehabilitator — to request a stay in the present matter (Fama Decl. at ¶ 5).

**ANALYSIS**

Plaintiff contends that this matter should be stayed for several reasons. *First*, it contends that pursuant to California Insurance Code § 1063.6, all proceedings in which an insolvent insurer is a party must be stayed for a minimum period of sixty days from the date of an order of liquidation or rehabilitation is issued by a court in the insurer's state of domicile. *Second*, it argues that full faith and credit should be accorded to the New York court's rehabilitation order and that principles of comity require that this matter be stayed. *Third*, it argues that the McCarran-Ferguson Act requires a stay of this action so that New York's regulatory scheme can regulate the affairs of Inscorp without interference.

1. **CALIFORNIA INSURANCE CODE § 1063.6.**

This lawsuit is a state-law insurance contract claim between private parties. Federal jurisdiction is grounded solely on the diversity of the parties. Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). At the industry's request, Congress has exempted the insurance industry from virtually all federal regulation, including the federal bankruptcy laws. *See* 11 U.S.C. 109(b)(2)–(3). The Supreme Court has affirmed "the supremacy of the States in the realm of insurance regulation." *United States Department of the Treasury v. Fabe*, 508 U.S. 491, 500 (1993). The parties do not contest the application of state law in resolving this matter. Resolving the rights of a plaintiff insurance company pursuant to an insurance contract is thus governed by state substantive law. In other words, "to decide how a California state court would handle the legal questions at issue" is central to the resolution of this matter. *Hawthorne Savings v. Reliance Ins. Co.*, 421, F.3d 835, 841 (9th Cir. 2005).

As provided by California Insurance Code § 1063.6, California courts must automatically stay any legal action in which an insolvent insurer is a party for 60 days after a liquidation order or receivership is ordered. This stay may be extended "to permit proper defense or conduct" of the pending action. *See Superior Dispatch, Inc. v. Insurance Corp. of New York*, 2010 WL 187957 (Cal. App. 2 Dist., Jan. 21, 2010).

In this matter, plaintiff has been slow to assert any right to a stay. Plaintiff was put in rehabilitation proceedings in June 2009 but did not apply for a stay until seven months later, just one week before the final pretrial conference. Nevertheless, plaintiff has submitted a sworn declaration that the excuse for this tardiness is its rehabilitator did not give permission to seek a stay until January 23. In all events, a stay of 60 days after a receivership is ordered is automatic under applicable California law. Accordingly, a stay of 60 days is **GRANTED**.

On the other hand, plaintiff's application for an indefinite stay of this matter is **DENIED**. While a stay under California Insurance Code § 1063.6 *may* be extended "to permit proper defense or conduct" of the pending action, there is no requirement that such an extension be

granted. Indeed, pursuant to California Insurance Code § 1064.10, "[t]he domiciliary receiver of an insurer domiciled in a reciprocal state may sue in this state to recover any assets of that insurer to which he or she may be entitled under the laws of this state." In other words, no further stay is required because the Superintendent of Insurance of the State of New York acting as plaintiff's rehabilitator (or liquidator) is explicitly empowered to pursue this action on plaintiff's behalf. As explained below, none of plaintiff's other arguments for a stay hold to the contrary.

**2. FULL FAITH AND CREDIT AND COMITY.**

Plaintiff argues that full faith and credit must be accorded to the stay contained in the Supreme Court of New York's rehabilitation order pursuant to Article IV, Section 1 of the United States Constitution. Under Ninth Circuit precedent, this argument fails both from the perspective of the obligations owed by the courts of California regarding judgments issued by the New York court as well as from the perspective of a federal court's full faith and credit obligation. The New York court's rehabilitation and liquidation orders need not be accorded full faith and credit because there has been no showing that the New York court has personal jurisdiction over Britannia and because state courts may never enjoin in personam proceedings in federal courts.

Both interstate and state-federal full faith and credit obligations apply to the enforceability of judgments and therefore incorporate otherwise applicable limitations on enforceability. Thus, "a final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter *and* persons governed by the judgment, qualifies for recognition throughout the land." *Baker ex rel. Thomas v. General Motors Corp.* 522 U.S. 222, 233 (1998) (emphasis added). Plaintiff also relies on *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Association*, 455 U.S. 691 (1982), which held that decisions rendered by an Indiana rehabilitation court were entitled to full faith and credit in North Carolina because the Indiana court had personal jurisdiction over all parties necessary to a determination of the North Carolina claims.

In *Hawthorne*, 421 F.3d at 850, the Ninth Circuit held that full faith and credit did not extend to Pennsylvania rehabilitation and liquidation orders where the claimant in a pre-existing action in federal court in California against an insolvent insurance company was never a party to

5

the insurer's Pennsylvania liquidation proceedings and Pennsylvania had no personal jurisdiction over the claimant. The Ninth Circuit furthermore held that "state courts may never enjoin in personam proceedings in the federal courts." *Id.* at 851. An action is said to be *in personam* when its object is to determine the rights and interests of the parties themselves in the subject matter of the action and where the effect of a judgment in the action is merely to bind the parties to it. An action brought by one person against another for breach of contract is a common example of an *in personam* action. The present action, in which plaintiff seeks a declaration of its rights viz-a-viz an insurance contract with defendant H&H, is an *in personam* action. Therefore, rehabilitation and liquidation orders issued by the New York courts are not entitled to full faith and credit in the present litigation.

Plaintiff also argues that general principles of comity require a stay of this action. Under the principles of comity, "federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions. However, comity is a doctrine of discretionary abstention." *City & County of San Francisco v. Assessment Appeals Board for the City & County of San Francisco, No. 1*, 122 F.3d 1274, 1277 (9th Cir. 1997). The Supreme Court has held that "principles of comity and federalism do not require that a federal court abandon jurisdiction it has properly acquired simply because a similar suit is later filed in a state court." *Town of Lockport v. Citizens for Community Action at the Local Level, Inc.*, 430 U.S. 259, 264 n. 8 (1977) (affirming district court's enjoining of state court proceedings). Here, the federal action was already pending at the time that the rehabilitation order was filed in New York. It would therefore not violate principles of comity to deny a stay while rehabilitation and liquidation proceedings progress in New York state court.

Also, it must be remembered that the claimants (via the arbitration) are trying to collect on an insurance policy and the insurance company, through the rehabilitator, is using the New York proceeding as a vehicle to deny the claim. Claimants have waited a long time for their day in court.

6

**3. MCCARRAN-FERGUSON.**

Finally, plaintiff argues that the McCarran-Ferguson Act requires a stay so that New York can regulate the affairs of Inscorp without interference. The McCarran-Ferguson Act, 15 U.S.C. 1011, *et seq.*, was enacted in 1945 as "an effort by Congress to protect states' primary regulatory role over the insurance industry." *Elliott v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1142 n. 3 (9th Cir. 2003). Section 1012(b) includes an express reverse preemption provision which provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supercede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance." Plaintiff's argument is that this action necessarily "impairs" the operation of New York's state-law rehabilitation and liquidation regulatory scheme.

Plaintiff relies on *United States Department of Treasury v. Fabe*, 508 U.S. 489 (1993). In *Fabe*, the Supreme Court considered whether an Ohio statute that ranked governmental claims against an insolvent insurance company in liquidation behind other creditors was preempted by a federal statute that ranked the government's claims first. The Court held that pursuant to McCarran-Ferguson's purpose to protect policyholders, the Ohio priority statute escaped preemption to the extent it afforded priority of insurance claims of policyholders and the costs and expenses of administering the liquidation over the government's priority. *Id.* at 493–94. Plaintiff argues that, similarly, "New York's implementation of an exclusive forum for the determination of claims is the 'business of insurance' under McCarran-Ferguson and, as such, is entitled to deference from this Court" (Br. at 11).

The Ninth Circuit has rejected the argument that McCarran-Ferguson would bar the exercise of federal jurisdiction in any lawsuit where the exercise of such jurisdiction implicates any state law concerning the "business of insurance." *Hawthorne*, 421 F.3d at 843. In all events, this order finds that concurrent pursuit of this action will not threaten to "invalidate, impair, or supercede" (as those terms are used in the McCarran-Ferguson Act) New York's efforts to establish a single equitable proceeding to liquidate or rehabilitate plaintiff. Plaintiff here seeks merely a declaration of its rights and reformation of a contract with defendant H&H. There are

7

no counterclaims in this action and Britannia would still have to present its claims through the New York forum in order to recover on any judgment in the underlying arbitration in its favor. The New York state forum therefore retains exclusive jurisdiction over the rehabilitation or liquidation of plaintiff and the disposition of plaintiff's assets.

Moreover, the insolvent insurance companies were the defendants against whom claims were being asserted in the opinions relied upon by plaintiff. This action is distinguishable because it was brought by the insurance company. If plaintiff or its rehabilitator/liquidator believe that pursuit of this action would violate New York state's rehabilitation scheme, it is free to dismiss its complaint.

**CONCLUSION**

For the reasons stated above, a stay of 60 days is **GRANTED**. On the present record, a longer stay is **DENIED**. The final pretrial conference scheduled for February 8, 2010, is continued to **APRIL 19, 2010, AT 2:00 P.M.** The trial scheduled for March 1, 2010, is continued to **MAY 3, 2010, AT 7:30 A.M.** If plaintiff is going to abandon this action then it must so elect in writing by **APRIL 12, 2010.**

**IT IS SO ORDERED.**

Dated: February 3, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8