IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INSURANCE CORPORATION OF NEW YORK,

    Plaintiff,

  v.

H&H PLASTERING INC., CONCRETE SHELL STRUCTURES, INC., and DOES 1 through 10, inclusive,

    Defendants.

No. C 07-5214 WHA

**ORDER DENYING FURTHER EXTENSION OF STAY**

In this long-running insurance contract action, plaintiff Insurance Corporation of New York seeks reformation of its insurance policies with claimants, and a declaration that it not be held responsible for their legal defense in an underlying arbitration. In June 2009, plaintiff was placed in rehabilitation proceedings in New York (where it is domiciled) due to its insolvency. On February 4, 2010, this action was stayed for 60 days pursuant to California Insurance Code § 1063.6. Plaintiff was subsequently placed in liquidation proceedings and the stay was extended an additional 60 days. Now plaintiff moves to extend the stay for another 45 days. For the following reasons, the motion is **DENIED**.

California Insurance Code § 1063.6 states that California courts must automatically stay any legal action in which an insolvent insurer is a party for 60 days after an order of receivership with a finding of insolvency, and for 60 days after an order of liquidation is entered. This stay may be extended "to permit proper defense or conduct" of the pending

action, but there is no requirement that such an extension be granted. *See Superior Dispatch, Inc. v. Insurance Corp. of New York*, 2010 WL 187957 (Cal. App. 2 Dist., Jan. 21, 2010). Plaintiff has not shown good cause for another extension of the stay in this action.

Pursuant to California Insurance Code § 1064.10, "[t]he domiciliary receiver of an insurer domiciled in a reciprocal state may sue in this state to recover any assets of that insurer to which he or she may be entitled under the laws of this state." In other words, no further stay is required because the Superintendent of Insurance of the State of New York acting as plaintiff's liquidator is explicitly empowered to pursue this action on plaintiff's behalf.

Moreover, plaintiff was slow to assert any right to a stay in this matter. Plaintiff was put in rehabilitation proceedings in June 2009 but did not apply for any stay until seven months later, just one week before the final pretrial conference. The claimants (via the arbitration) have been trying to collect on the insurance policy since 2004 and plaintiff, through the rehabilitator, is using the New York proceeding as a vehicle to deny that claim.

The final pretrial conference in this matter is scheduled for June 21, 2010, at 2:00 p.m. The trial scheduled for July 26, 2010, at 7:30 a.m. Plaintiff has been ordered to notify the Court in writing by June 7, 2010, whether it intends to abandon this action. Plaintiff's counsel has submitted a sworn declaration stating that plaintiff is still deciding whether to do so (Fama Decl. at 3). Nonetheless, no further extensions shall be granted and plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE